(No. 42151.—

*In re* SAMUEL B. BASS, an Attorney, Respondent.

*Opinion filed September 30, 1971.*

JOHN CADWALADER MENK, of Chicago, *amicus curiae.*

ROBERT E. CHERRY, of Chicago, for respondent.

MR. JUSTICE DAVIS delivered the opinion of the court:

This is a disciplinary proceeding against the respondent under Supreme Court Rule 59 (Ill.Rev.Stat.1965, ch. 110, par.101.59). The cause is before us on the respondent's exceptions to the report of the Committee on Grievances of the Chicago Bar Association, which recommended that the respondent be suspended from the practice of law for a period of two years. Upon hearing on this report, the Board of Managers of the Chicago Bar Association, sitting as Commissioners, amended the recommended suspension from practice to a period of one year.

The recommendation is predicated upon three separate charges, which appear in the record as three counts of the formal complaint. Count I recites the conviction of the respondent in the United States District Court for the Northern District of Illinois, Eastern Division, of willful failure to file return and pay tax in violation of section 7203, Title 26 of the Internal Revenue Code (26 U.S.C.A. sec. 7203). The respondent was sentenced to commitment to the Attorney General of the United States for a period of 90 days, which sentence was later reduced to 60 days.

Count II of the complaint charges that in 1958 the respondent was retained by Evelyn Salazar to prosecute a dramshop action in connection with the death of her

husband; that he filed the lawsuit in the superior court of Cook County; that the suit was dismissed for want of prosecution in 1963; and that the respondent wrongfully and unprofessionally failed to notify his client of the dismissal, and, in fact, by his conduct and activity, led her to believe that the action was still valid and being prosecuted.

Count III charges that the respondent was retained in 1960 to file a suit for personal injuries and property damages on behalf of Martin Carlson and Joseph Mussatto; that he failed to file the suit within the appropriate statutory time limit; that he failed to notify his clients that he had not filed the suit; and that he failed to account promptly for costs advanced to him and commingled those amounts with his own funds.

The respondent filed his answer admitting the allegations of count I, but denying that he was guilty of practices involving moral turpitude. He admitted the allegations of count II, except the statement that he had failed to notify his client, which he denied; and he admitted the allegations of count III which charged him with failure to file the lawsuit, but denied the balance of the charges. In connection with the charges in count II, he further asserted that he had arranged a $5000 settlement with his client. The proof, however, showed that he had failed to satisfy the terms of the settlement agreement in that he had paid out only $700 in cash on behalf of Mrs. Salazar and had given her a note for $4300 due September 1, 1967, which remained unpaid.

The respondent takes exception to the finding of the Commissioners that his failure to file his tax return has brought the legal profession into disrepute. He asserts that his acts were those of a private citizen and not of an attorney. However, to us, the distinction which he attempts to draw is untenable. The personal conduct or acts of an individual cannot factually or logically be divorced from the professional status enjoyed by that

person. The profession's self-policing role, which includes disciplining the attorney who is guilty of misconduct, deters such future misconduct, and protects the public by removing from the roll of attorneys those whose conduct has demonstrated that their continued practice may jeopardize the interest of clients or the public generally.

The respondent further denied that any of his acts have brought the legal profession into disrepute, and asserts that the recommendation of the disciplinary committee is unduly harsh and severe, and is not based on Illinois disciplinary precedents.

Prior decisions of this court have established that the rule in disciplinary proceedings is that conviction of a crime involving moral turpitude is conclusive evidence of an attorney's guilt and ground for disbarment *(In re Eaton, 14 Ill.2d 338; In re Teitelbaum, 13 Ill.2d 586, 588);* and that violation of section 7203, Title 26 of the Internal Revenue Code (26 U.S.C.A. sec. 7203), is a crime involving moral turpitude. *In re Greenberg, 21 Ill. 2d 170, 171; In re Teitelbaum, 13 Ill.2d 586, 588.*

The respondent does not question the validity of these precedents, but rather, contends that the recommendation that the respondent be suspended from practice for one year is too severe. Thus, the only issue before us is the extent of the discipline, if any, that should be imposed upon him.

Several prior decisions of this court have been cited by the respondent in support of his argument that suspension from the practice of law for one year is unduly harsh. *(In re Sullivan, 33 Ill.2d 548; In re Revzan, 33 Ill.2d 197; In re Crane, 23 Ill.2d 398; In re Greenberg, 21 Ill.2d 170; In re Mitgang, 385 Ill. 311.)* He calls our particular attention to the mitigating circumstances which were considered by the court in setting the penalty in these cases, and urges that the extenuating events surrounding his conduct were at least as impelling as in the cited cases.

While the conviction under section 7203 is conclusive evidence of the respondent's guilt, it does not preclude us

from considering other evidence pertaining to this conviction and in connection with his other improper conduct for the purpose of determining the appropriate disciplinary action. *In re Crane, 23 Ill.2d 398, 400.*

At the conclusion of the hearings, in its report to the Board of Managers, the Committee on Grievances recommended that the respondent be suspended from the practice of law for two years. Upon the respondent's exceptions to this report and his objection that this penalty was too severe when compared to similar penalties imposed in the cited cases, the Board of Managers, as Commissioners, modified the recommendation relative to suspension and reduced the recommended time to one year.

We do not believe the recommendation of the Commissioners is unduly harsh. In addition to his conviction for income tax evasion, the respondent admitted to two serious instances of failure to perform primary professional obligations. In the cases cited by the respondent which involved tax convictions, no such additional offenses were involved. Doubtless the Commissioners were influenced by the extenuating factors in connection with the respondent's improprieties: the lengthy illness of his wife, and his impressive war record in both the Second World War and the Korean War.

We find no fault with the report of the Commissioners or their recommendation. The final responsibility for fixing the punishment, however, rests in this court. After taking into consideration the facts and all of the extenuating circumstances of this case, we believe that the respondent was guilty of conduct which cannot be condoned on the part of a member of the legal profession, and that the interests of justice will best be served by his suspension from the practice of law for the period of one year, as recommended. We, therefore, suspend the respondent from the practice of law for a period of one year.

*Respondent suspended.*