509 S.W.2d 294 (1974)
The SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT, Petitioner,
v.
Guy Hamilton JONES, Sr., Respondent.
No. 73-121.
Supreme Court of Arkansas.
May 20, 1974.
PER CURIAM.
The petition for disbarment of respondent, Guy Hamilton Jones (Sr.) is predicated solely upon Rule XI of the Rules Regulating Professional Conduct of Attorneys at Law. This rule requires that, whenever any member of the bar of this court shall have been disbarred or suspended by judgment of any federal court held *295 within this state, a like order be entered by this court, unless good cause for other action be shown. It appears that the United States District Court for the Eastern District of Arkansas struck the name of respondent from the list of attorneys authorized to practice in that court. Its action was based upon its Rule 1(f) requiring that any member of the bar of that court who has been convicted of a felony be ipso facto disbarred from practicing in that court.
In attempting to show good cause for other action, respondent has adduced evidence based upon the premise that he is not guilty of the four crimes, or counts, which afforded the basis for the action of the federal district court, in spite of the jury verdict finding him guilty. Another premise upon which much testimony is based is that the conviction was politically motivated. For the purposes of this proceeding we must, and do, accept the jury verdict at face value. At the same time, we reject all contentions that one's guilt of wilfully and knowingly attempting to evade payment of taxes by filing false and fraudulent tax returns and of wilfully filing income tax returns he did not believe to be true in violation of 26 U.S.C.A. § 7201 and § 7206 does not involve moral turpitude. We also reject any suggestion that misconduct of an attorney which is not connected with his professional activities or does not impair his ability to represent clients affords no basis for disciplinary action.
On the other hand, we find that respondent has produced sufficient evidence through testimony of witnesses of excellent stature from all walks of life upon which we feel justified in finding there is good cause for action other than a complete and permanent disbarment. It is clear from the evidence that petitioner, now 63 years of age, has practiced law for 38 years, during which he has manifested a very high regard for the law, the legal profession, the courts and the judiciary and has ably represented his clients. It has been shown that his professional conduct has, prior to his conviction, been without substantial blemish. It seems beyond doubt that respondent has served the interests of his constituency well in the legislative branch of our state government. We believe that the interests of the public and of the legal profession will be adequately served by a temporary revocation of respondent's license to practice law.
It is, therefore, ordered and adjudged that the license of Guy Hamilton Jones (Sr.) to practice law in the State of Arkansas be, and the same is hereby, revoked for a period of one year, during which he shall not, in any way, directly or indirectly, engage in the practice of law, in any respect, form or fashion. Respondent shall have 30 days from this date within which to arrange for the handling of all pending legal business in which he has been employed. If respondent shall faithfully comply with this order, his license to practice shall be fully reinstated, upon the expiration of said one-year period, unless matters not now in issue arise which would preclude such reinstatement.
The respondent shall pay all costs of the court reporter's taking and transcribing testimony in this matter. Each party shall pay the cost of its brief.