**In the Matter of Dennis A. REARDON, a Member of the Bar of the Supreme Court of Delaware.**

Supreme Court of Delaware.

Submitted Oct. 13, 1976.

Decided Jan. 18, 1977.

Charles S. Crompton, Jr., Wilmington, for the Censor Committee.

Dennis A. Reardon, pro se.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM.

The Censor Committee of this Court has recommended disciplinary action against the respondent Dennis A. Reardon, a member of the Delaware Bar, upon the basis of the following findings of fact and conclusions of law:

I.

"1. In serving as attorney for Doris A. Feller, the executrix and a beneficiary of the estate of Paul F. Lyons, respondent received the sum of Nine Thousand Three Hundred Ninety-Three Dollars and Fifty-One Cents ($9,393.51), constituting the net proceeds of the residue of the estate distributable to Mrs. Feller and two other beneficiaries. The sum was received by respondent on April 1, 1975; Seven Thousand Dollars ($7,000) was deposited to respondent's attorney's account, which was not a separate identifiable account for funds belonging to a client, and was ultimately applied to cover a check in the amount of Seven Thousand Dollars ($7,000) issued on March 28, 1975, to a client, James E. Risser, to whom respondent was indebted as more particularly described in paragraph 2 below; and Two Thousand Three Hundred Ninety-Three Dollars and Fifty-One Cents ($2,393.51) was taken by respondent and used for personal purposes.

"2. On or about November 2, 1974, respondent served as attorney for James E. Risser in connection with the sale of a residence in Hyde Park, Wilmington, Delaware. As such, respondent received Seven Thousand Dollars ($7,000) for the account of respondent's client. The funds were not promptly remitted to the client but were deposited in an account with the Farmers Bank of the State of Delaware standing in respondent's name, which was not a separate identifiable account for funds belonging to a client. Payment to Mr. Risser was not made until on or about March 28, 1975.

"3. For the calendar year 1974 respondent wilfully and knowingly failed to make and file income tax returns or pay any income tax to the District Director of Internal Revenue or any proper officer of the United States in violation of 26 U.S.C. § 7203.

"4. For each of the calendar years 1971–1974 respondent wilfully and knowingly failed to make and file an income tax return or pay any income tax to the Division of Revenue or State Tax Department of the State of Delaware in violation of 30 Del.C. § 1233.

"5. For the period July 1, 1969 to date, respondent has wilfully and knowingly failed to make and file a return with respect to wages or income or pay the related tax due to the City of Wilmington in violation of its duly adopted Ordinances.

"6. All returns referred to above have now been filed, with the exception that a Delaware State Income Tax Return for the year 1971 has not been filed due to the Respondent's present inability to locate a copy of his Federal Income Tax Return for that year which he believes he filed. Confirmation of such a filing has been requested of the Internal Revenue Service. Taxes due upon all

returns filed to date aggregate approximately $26,000.

"7. The Respondent initiated a program of financial controls and procedures effective October 10, 1975, as more particularly appears from Exhibit A hereto.

"8. In connection with the investigation of the Censor Committee in this matter, the Respondent provided prompt and full cooperation.

*"CONCLUSIONS OF LAW*

"1. The actions described in paragraphs 1 and 2 above are contrary to DR 9–102(A) and (B) of the Code of Professional Responsibility.[1]

"2. The conduct described in paragraph 3 through 5 above is in violation of DR 1–102(A)(3), (4) and/or (5) of the Code of Professional Responsibility[2] and Interpretive Guideline No. 3[3] under DR 1–102(A)(3)."

1. DR 9–102 of the Delaware Lawyer's Code of Professional Responsibility provides as follows:
"DR 9–102. *Preservng Identity of Funds and Property of a Client.*
"(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:
"(1) Funds reasonably sufficient to pay bank charges may be deposited therein.
"(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.
"(B) A lawyer shall:
"(1) Promptly notify a client of the receipt of his funds, securities, or other properties.
"(2) Identify and label securities and properties of a client promptly upon re-receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.
"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

2. DR 1–102 of the Code provides:
"DR 1–102. *Misconduct.*
"(A) A lawyer shall not:
"(1) Violate a Disciplinary Rule.
"(2) Circumvent a Disciplinary Rule through actions of another.
"(3) Engage in illegal conduct involving moral turpitude.
"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
"(5) Engage in conduct that is prejudicial to the administration of justice.
"(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

3. Interpretive Guideline No. 3 of the Delaware Lawyer's Code of Professional Responsibility provides:
"INTERPRETIVE GUIDELINE NO. 3—
"Re: LAWYER'S INCOME TAXES
"The following statements of principles are promulgated as interpretive guidelines in the application of Disciplinary Rule 1–102(A)

## II.

A supplemental Report of the Censor Committee contained findings of fact and conclusions of law summarized as follows:

(A) In May 1974, the respondent was retained to form a corporation and to handle the conveyance of certain real estate thereto. For such services, the respondent received total fees of $505. Not until May 1976, after commencement of a Censor Committee investigation of the complaint of the client, did the respondent complete the incorporation.

(B) In January 1975, the respondent was retained by a client to obtain funds she claimed from a certain escrow account held by another attorney. A fee of $250. was received by the respondent. The respondent has failed to pursue the client's claim and has failed to respond to inquiries made by the client.

Upon the basis of the foregoing, the Censor Committee concluded that the respondent had violated DR 6–101(A), (2) and (3),[4] and DR 7–101(A)(1), (2), and

(3) of the Delaware Lawyer's Code of Professional Responsibility:

"Illegal conduct involving moral turpitude within the meaning of DR 1–102(A) (3) shall be deemed to include, but not be limited to, the following:

"(1) Willful failure to make and file Federal, State or City income tax returns or estimated income tax returns, or pay such estimated tax or taxes, or to supply information in connection therewith at the time or times required by law or regulations;

"(2) Willful attempt in any manner to evade any Federal, State, or City income tax."

4. DR 6–101 of the Code provides:
"DR 6–101. *Failing to Act Competently.*
"(A) A lawyer shall not:
"(1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it.
"(2) Handle a legal matter without preparation adequate in the circumstances.

(3),[5] of the Delaware Lawyer's Code of Professional Responsibility.

## III.

The respondent filed no exceptions to the reports of the Censor Committee. We accept the findings of fact made by the Censor Committee and agree with its conclusions of law that the respondent has been guilty of unprofessional conduct in that he has violated the specified Disciplinary Rules of the Delaware Lawyer's Code of Professional Responsibility.

Upon due consideration of the reports of the Committee and the representations made by the respondent to this Court, it is hereby adjudged and ordered that the respondent be disciplined as follows:

(1) That the respondent be prohibited from engaging in the private practice of the law as a member of the Delaware Bar for a period of one (1) year, commencing on the 1st day of February, 1977, and ending on the 1st day of February, 1978; and

(2) That during such period, the respondent shall not (a) share in any legal fees

"(3) Neglect a legal matter entrusted to him."

5. DR 7–101 provides in pertinent part:
"DR 7–101. *Representing a Client Zealously.*
"(A) A lawyer shall not intentionally:
"(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.
"(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105.
"(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7–102(B)."

arising from clients or cases referred by the respondent during the period of suspension to any other attorney, or (b) share in any legal fees earned for services by others during such period of suspension; and

(3) That the respondent shall arrange with another member of the Delaware Bar to protect the interests of any clients of the respondent during the period of suspension; and shall submit to this Court, on or before February 1, 1977, a certificate of compliance with this paragraph, co-signed by the attorney who has undertaken the said assignment; and

(4) That, on or before March 1, 1977, the respondent shall make restitution to the client of the $250. fee referred to in Section II(B) hereof, with interest.