IN THE MATTER OF NICHOLSON. Docket No. 6 (SUPREME COURT DISCIPLINARY NOS. 6, 7 and 20).

PER CURIAM.

On November 8, 1974, respondent Thomas F. Nicholson, a member of the State Bar of Georgia, was convicted in the United States District Court for wilful failure to file Federal Income Tax Returns for each of the years 1968, 1969, and 1970, in violation of Title 26, U. S. C. § 7203.

Based on this conviction, the State Disciplinary Board of the State Bar instituted a proceeding against him specifically alleging that his conviction for these offenses was a violation of Rule VIII of Rule 4-102, in part IV, Chapter 1 of the Rules and Regulations for the Organization and Government of the State Bar of Georgia as they existed in the year of his conviction. Disbarment from the practice of law is authorized under this rule upon "final conviction of any felony or misdemeanor involving moral turpitude."

A Special Master appointed under the rules to hear the matter concluded as a matter of law that the wilful failure to file federal income tax returns in violation of the Internal Revenue Code was not an offense involving "moral turpitude." On January 23, 1979, the State Disciplinary Board reversed the Special Master's ruling and concluded that the respondent was guilty of a "misdemeanor involving moral turpitude," and recommended in its report to this court that the respondent be suspended from the practice of law for a

period of six months.

To this report, the respondent filed his exceptions. While admitting that he was convicted for failing to file income tax returns for the years involved, he contends that such failure is not an offense involving moral turpitude and, therefore, he is not subject to discipline under the rules of the State Bar of Georgia. Respondent admits a tax liability of $49,008.30, and admits that a portion of this liability was incurred in the tax years 1968, 1969 and 1970.

1. A violation of 26 U. S. C. § 7203 is a misdemeanor, punishable by a fine of not more than $10,000 or imprisonment of not more than one year, or both, for each offense. In construing the predecessor of this code section the United States Supreme Court has determined that "evil motive is the constituent element of the crime." That opinion went on to say, "Congress did not intend that a person by reason of a bona fide misunderstanding as to his liability for a tax, as to his duty to make a return, or as to the adequacy of the records he maintained should become a criminal by his mere failure to measure up to the prescribed standard of conduct." U. S. v. Murdock, 290 U. S. 389 at 395, 396 (1933).

More recently, in U. S. v. Bishop, 412 U. S. 348, at 361 (1973) the Supreme Court said:

"The Court, in fact, has recognized that the word 'wilfully' in these statutes generally connotes a voluntary, intentional violation of a known legal duty. It has formulated the requirement of willfullness as 'bad faith or evil intent,' U. S. v. Murdock, 290 U. S. at 398, 54 S. Ct. at 226 or 'evil motive and want of justification in view of all the financial circumstances of the taxpayer,' Spies 317 U. S. at 498, 63 S. Ct. at 363, or knowledge that the taxpayer 'should have reported more income than he did'. Sansone, 380 U. S. at 353, 85 S. Ct. at 1011 [Further citations omitted]

"This longstanding interpretation of the purpose of the recurring word 'wilfully' promotes coherence in the group of tax crimes. In our complex system, uncertainty often arises even among taxpayers who honestly wish to follow the law . . . The Court's consistent interpretation of the word 'wilfully' to require an element of mens rea

implements the pervasive intent of Congress to construct penalties that *separate the purposeful tax violater from the well-meaning,* but easily confused, mass of taxpayers. (Emphasis supplied.)

"Until Congress speaks otherwise, we therefore shall continue to require, both in tax felonies and tax misdemeanors that must be done 'wilfully' the bad purpose or evil motive described in Murdock, supra . . ."

We conclude from the court's opinion in U. S. v. Bishop, supra, that a taxpayer cannot be convicted for violation of 26 U. S. C. § 7203 unless his conduct is wilful, and that the offense requires an element of mens rea. While mens rea is not synonymous with moral turpitude it does denote a specific intent to violate the law.

Many states have considered a similar question, but because of varying definitions prevailing in the several states as to what constitutes moral turpitude, and even more varying disciplinary rules that are applicable to attorneys at law, a variety of results has been reached. The following state decisions appear to hold definitely that a wilful failure to file federal income tax returns involves moral turpitude: In Re Bass, 49 Ill.2d 269 (274 NE2d 6) (1971). (Also, Re Lambert, 47 Ill. 2d 223 (265 NE2d 101) (1970)); Rheb v. Bar Assn. of Baltimore City, 186 Md. 200 (46 A2d 289) (1946); Re Moon, 310 SW2d 935 (1958 Mo.); Re MacLeod, 479 SW2d 443, cert. den. 409 U. S. 979 (1972 Mo.); Re Kline, 156 Mont. 177 (477 P2d 881) (1970); State ex rel. Nebraska State Bar Assn. v. Fitzgerald, 165 Neb. 212 (85 NW2d 323) (1957); State ex rel. Nebraska State Bar Assn. v. Tibbles, 167 Neb. 247 (92 SW2d 546) (1958); Re Walker 240 Or. 65 (399 P2d 1015) (1965) (Per specific facts of case); State Board of Law Examiners v. Holland, 494 P2d 196 (1972 Wo.) (failure to file for four years); Dayton Bar Assn. v. Prear, 175 Ohio St. 543, 26 Ohio Ops.2d 220 (196 NE2d 773) (1964); Re Reardon, 369 A2d 666 (Del. Sup.) Committee on Professional Ethics & Conduct of Iowa State Bar Assn. v. Bromwell, 221 NE2d 777 (19—) Matter of Fosaaen —— N. D. —— (236 NW2d 867); Committee v. Jones, 256 Ark. 1106 (509 SW2d 294) (19—).

Other states have reached the opposite conclusion, although in many of these the reasons for doing so are

varied: Committee on Legal Ethics of West Virginia State Bar v. Scherr, 149 W. Va. 721 (143 SE2d 141) (1965); Kentucky State Bar Assn. v. Brown, 302 SW2d 834 (1957 Ky.) (no fraudulent intent); Kentucky State Bar Assn. v. McAfee, 301 SW2d 899 (1957 Ky.); Cincinnati Bar Assn. v. Leroux, 16 Ohio St. 2d 10, 45 Ohio Ops.2d 259 (242 NE2d 347) (1968) (no intent to evade); Re Corcoran, 215 Or. 660 (337 P2d 307) (1959) (absence evil/fraudulent intent, may or may not be based on facts); Re Cochrane, —— Nev. —— (549 P2d 328) (19—) (no personal return filed but partnership returns filed); Re Weisensee, —— S. D. —— (224 NW2d 830) (19—) (involved only one year return).

It is noted that in almost every instance the attorney charged with the offense was disciplined in some fashion. Thus, whatever the underlying basis for the decision, state courts have seldom looked with favor on such conduct.[1]

The specific charge against respondent in this instance is based on the premise that his conviction for these specific crimes involves moral turpitude under the definition of moral turpitude as contained in the various decisions of our appellate courts. See *Lewis v. State,* 243 Ga. 443 (1979).

Decisions from some states have considered a totality of the circumstances test in regard to the failure of the taxpayer to file. It seems important for us to consider whether or not there were taxes due for the years in question. As independent as most Americans are, it would be difficult for us to accept a theory that turpitude is involved in not filing a tax return in a year for which there were no taxes due, although the statute involved mandates filing if there is gross income in certain minimum amounts.

It is the attorney's duty to uphold the law. When he fails to do so he seriously impairs the public confidence in the entire profession, and especially so when his conduct

---

[1]See the collection of cases involving this point in 63 ALR3d 476 et seq. and the 1978 supplement at page 12. Also, Attorneys at Law § 51, 7 AmJur2d 78, and the supplement on page 37.

extends over a prolonged period of time. While failure to file is not an act of commission, if it is intentionally neglected for the purpose of avoiding tax liability when there are taxes due, it is as culpable as an overt act of filing a false return, although the punishments in each instance may vary.

The primary purpose in State Bar discipline is to protect the public from one unqualified to practice law due to lack of competence, or the commission of conduct establishing his disregard for a lawyer's professional and fiduciary obligations. Whether or not a lawyer files his personal income tax returns is not totally a personal or private matter. Many citizens rely on lawyers to prepare and file their returns and to furnish advice on tax matters. The confidence of the public cannot be maintained if a member of the bar is allowed to practice after having been convicted of a wilful failure to obey the law in such a sensitive area.

We do not reach the question, nor do we here decide whether or not a single isolated act of wilful failure to file a federal income tax return where there are no tax obligations avoided involves turpitude. We do hold, where there exists a pattern of repetitious non-filing, for multiple years, and for which there were taxes due, such conduct is dishonest and involves moral turpitude. See *Huff v. Anderson,* 212 Ga. 32 (90 SE2d 329) (1955). A lawyer who earns his livelihood from the professional service of advising others in regard to the law is not expected to be free from all imperfections, and none of us reach that standard. However, wilful or intentional failure to file federal income tax returns as required by law, where the wrongdoer stands to gain personal monetary benefit from his conduct, involves moral turpitude within the meaning of the Rules and Regulations of the State Bar of Georgia. We cannot ignore our responsibility.

2. Our holding in the preceding division appears to be a question of first impression in this state. Although we believe we follow the correct and majority rule, there is, nevertheless, a wide divergence of opinion with respect to the question in other states. There appears to have been similar conduct on behalf of other members of the bar,

prior to this time, that has gone unpunished. In order to treat all members of the bar equally and fairly we will apply our holding prospectively only and do hereby announce that it will only apply to conduct of members occurring after the date of this opinion. Therefore, the recommendation of the State Disciplinary Board that respondent be suspended from the practice of law for a period of six months will not be followed.

### Supreme Court Docket No. 7

In this proceeding the respondent Nicholson was also charged with violation of Standards 22(b), 44, and 65 of State Bar Rules 4-102. The formal complaint was heard by a Special Master who concluded that the respondent had not violated these standards. Likewise, the State Disciplinary Board found no violation and recommended no disciplinary action.

We agree with this recommendation of the State Disciplinary Board.

### Supreme Court Docket No. 20

In this proceeding the respondent Nicholson was also charged with the violation of Standard 23, of Rule 4-102 of the Rules and Regulations of the Organization and Government of the State Bar of Georgia. After a hearing the Special Master found that:

"(1) Respondent's failure to return to the client those items of property to which she was entitled at the time of his discharge is in violation of DR 2-110(A)(2).

"(2) Respondent's failure to account to his client for that portion of his fee paid to him in advance which he had not earned at the time of his discharge is in violation of DR 2-110(A)(3)."

The State Disciplinary Board reached the same conclusions and recommended that the respondent receive a public reprimand.

The respondent filed no exceptions to the report of the State Disciplinary Board in this case. Finding ample evidence in the record to support this charge, we agree with the Board's recommendation.

It is therefore ordered that the respondent Thomas F. Nicholson also receive a public reprimand for his actions in this case.

*All the Justices concur in Supreme Court Docket Nos.*

*6, 7 and 20, except Undercofler, P. J., and Jordan, J., who dissent in Supreme Court Docket No. 6.*

DECIDED JUNE 27, 1979.

*Charles W. Boyle, for Nicholson.*
*Omer W. Franklin, Jr., General Counsel State Bar, Robert H. Davis, Jr., Assistant General Counsel State Bar, James E. Spence, Jr., Assistant General Counsel State Bar,* for State Bar of Georgia.