18

(No. 53442.—)

*In re* MAHENDRA R. MEHTA, Attorney, Respondent.

*Opinion filed December 1, 1980.*

Carl H. Rolewick, of Chicago, for the Attorney Registration and Disciplinary Commission.

Frederick F. Cohn, of Chicago, for respondent.

PER CURIAM: This matter is before the court on the record, the report of the Hearing Board of the Attorney Registration and Disciplinary Commission, the report of the Review Board, respondent's objections to the latter report, and the Administrator's reply to the objections. The parties have waived the filing of briefs and oral argument and have jointly requested that the case be considered upon the matters now filed.

Respondent, Mahendra R. Mehta, was convicted of making false statements to an agency of the United States in violation of 18 U.S.C. section 1001, in connection with immigration cases in which respondent represented Indian citizens who were seeking permanent-resident status in the United States. He was sentenced to concurrent terms of one year and a day on four counts and placed on probation for three years on three counts. The conviction was

affirmed on appeal. In May 1976 an order was entered under Rule 761 (73 Ill. 2d R. 761) suspending respondent from the practice of law.

A hearing was held before the Hearing Board in June 1979, and the record of respondent's conviction was introduced in evidence. Respondent did not testify on his own behalf, although he was examined briefly by the attorney for the Administrator under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 60). The attorney for the Administrator recommended that respondent be suspended for a further period of three years and until further order of this court. The attorney for respondent stated that he had no objection to such an order and would not appeal from it. The report of the Hearing Board, issued in November 1979, recommended suspension for five years, commencing with May 1976, when respondent was suspended under Rule 761, and until further order of this court. This recommendation was more lenient than that suggested by the Administrator and agreed to by respondent.

The report of the Review Board, issued in March 1980, recommended a further three-year suspension, and until further order of this court. Respondent objects to the increase and cites cases where other attorneys who were convicted of criminal offenses received lesser suspensions. (See *In re Bass* (1971), 49 Ill. 2d 269; *In re Lytton* (1971), 48 Ill. 2d 390.) Respondent says he stands by his agreement not to contest a further three-year suspension but points out that he has already been suspended for over four years, and says he did not understand that the further suspension would not commence until final review by this court.

Upon full consideration, we are of the opinion that suspension from the practice of law for a period of three years from June 15, 1979, the date of respondent's agree-

20

ment, is an appropriate form of discipline, and it is so ordered.

*Respondent suspended.*