## IN THE MATTER OF DANNY L. DUPREE.
### (SUPREME COURT DISCIPLINARY NO. 790)
#### (415 SE2d 631)

PER CURIAM.

The State Bar of Georgia alleged in a formal complaint that Dupree violated Standards 4, 31, 61, 63 and 65 of Bar Rule 4-102. Although Dupree filed an answer denying the violations, that answer was subsequently stricken for his failure to engage in discovery after the entry of an order compelling discovery. There being no valid answer, the Special Master appointed in this matter found that the facts admitted by default supported the allegations of the complaint and recommended appropriate disciplinary action.

The allegations established by default were that Dupree agreed to represent a friend in a personal injury action; that he agreed to charge the client only his expenses; that he settled her claim for $20,000 and retained $3,800 without ever accounting for his expenses, even after request; that he received a check for $23,000 for PIP benefits and, after obtaining the client's endorsement, retained the entire amount; that he eventually remitted to the client after repeated demands a check for $10,000, but then stopped payment on the check; and that he represented to the client that she had agreed to pay a 40 percent contingency fee, and in response to the client's demands sent her a copy of their representation agreement on which he had made changes subsequent to her execution of the agreement. Based on those facts deemed admitted by default, the Special Master concluded that Dupree twice violated Standard 4 by failing to account to the client in that he took the client's funds without an adequate explanation, and by altering the retainer agreement without the client's consent; that taking a large fee for securing payment of PIP benefits constituted a violation of Standard 31 (b); that failing to promptly deliver funds to the client was a violation of Standard 61; that a violation of Standard 63 occurred when Dupree failed to provide the client with an accounting; and that Dupree violated Standard 65 by failing to pay funds to which the client was entitled. The review panel noted

that Dupree had remitted $5,500 to the client during the pendency of this matter, but otherwise adopted the findings and conclusions of the Special Master and recommended that Dupree be disbarred.

This court adopts the recommendation of the Review Panel of the State Disciplinary Board and directs that Danny L. Dupree be disbarred and his name removed from the roll of attorneys licensed to practice law in the State of Georgia.

*All the Justices concur.*

DECIDED APRIL 23, 1992.

*William P. Smith III, General Counsel State Bar, Bridget B. Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia.