S93Y0595. IN THE MATTER OF JAMES L. BROOKS.
(436 SE2d 493)

PER CURIAM.

James L. Brooks pled nolo contendere to six counts of sexual battery and four counts of simple battery (intentional physical contact of an insulting or provoking nature). These charges involve nine different women in three counties occurring from June 1990, to July 1992. Brooks was sentenced to 36 months nonreporting probation, a fine of $3,000 and payment up to $2,800 in psychological counseling for Brooks' victims. Additionally, the acceptance of the plea was conditioned upon Brooks leaving the superior court branch of the Piedmont Judicial Circuit and not seeking senior judge status.

The subject of this opinion is the action of the State Disciplinary Board predicated upon the State Bar's institution of proceedings against Brooks pursuant to State Bar Rule 4-106, alleging that sexual battery, as defined in OCGA § 16-6-22.1, meets the criteria for a misdemeanor involving moral turpitude. The Bar also alleged that Brooks' sentence entered on his nolo contendere plea to six counts of sexual battery constitutes a violation of Standard 66 of State Bar Rule 4-102 (D).[1]

---

[1] Standard 66 (a) provides that conviction of "any felony or misdemeanor involving

The special master recommended Brooks be suspended from the practice of law for six months or until Brooks' victims completed their psychological counseling, whichever was the longer.[2] As a result of this report, Brooks filed a petition for voluntary discipline, in which Brooks, on condition of approval of the discipline recommended by the special master, admitted that his conviction constitutes a misdemeanor involving moral turpitude in violation of Standard 66 (a). The State Bar originally recommended disbarment. Then based on its concern that this Court would apply prospectively only a ruling that sexual battery is a crime of moral turpitude, see *In the Matter of Nicholson*, 243 Ga. 803 (2) (257 SE2d 195) (1979), the State Bar has indicated it has no objection to the acceptance of Brooks' petition.

A person commits the offense of sexual battery "when he intentionally makes physical contact with the intimate parts[3] of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). In defining "moral turpitude," this court in *Huff v. Anderson*, 212 Ga. 32, 34 (2) (90 SE2d 329) (1955), held that

> "[t]urpitude in its ordinary sense involves the idea or inherent baseness or vileness, shameful wickedness, depravity. [Cit.] In its legal sense it includes everything done contrary to justice, honesty, modesty, or good morals. [Cits.] . . ."
> " 'Moral turpitude' is an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man [or woman], or to society in general, contrary to the accepted and customary rule of right and duty between [human beings]." [Cit.]

Although we appreciate the State Bar's concern about application here of our holding in *Nicholson*, supra, we do not interpret that case to stand for the proposition that every initial determination that a certain misdemeanor involves moral turpitude warrants prospective application only. Accord *In the Matter of Lotito*, 250 Ga. 537 (299 SE2d 559) (1983).

In *Nicholson*, supra, this Court addressed for the first time the question of whether wilful failure to file federal income tax returns constituted a misdemeanor involving moral turpitude. We recognized the wide divergence of opinions in other states on this question. We

---

moral turpitude shall be grounds for disbarment." For purposes of this standard, "conviction" includes pleas of nolo contendere. Id. at (b) (2).

[2] The State Bar does not controvert Brooks' assertion that the victims of his sexual batteries have completed their psychological counseling.

[3] OCGA § 16-6-22.1 (a) defines the term "intimate parts" to mean "the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female."

also recognized that the offense involved acts of omission and we noted that "[t]here appears to have been similar conduct on behalf of other members of the Bar, prior to this time, that has gone unpunished."

This case presents none of the considerations we found warranted prospective application only of our holding in *Nicholson*. Members of the bar are in no need of any advance notice by this Court to alert them to the consequences, either private or professional, of engaging in conduct that involves the deliberate, nonconsensual contact with another person's intimate body parts. Therefore, we see no reason why our holding should not be applied to the party before this Court.

The State Bar apparently labored under a misinterpretation of this Court's intention in *Nicholson*, supra. We view the intentional touching of another person's intimate body parts, deliberately committed without that person's consent, as a serious offense which, as a high and aggravated misdemeanor, is a crime involving moral turpitude.

Because the special master's recommendation to this Court came without the benefit of this opinion and without a finding that such criminal violations involve moral turpitude, we remand this case for reconsideration of the penalty. Ordinarily, under the rules, such a remand would be to the special master, but because of the special circumstances here, we direct that the case be transferred to the Review Panel of the State Disciplinary Board. The Review Panel may take into account the number of violations on the part of the Respondent. It also may take into account the judicial position held by the Respondent at the time the acts were committed even though the issue of judicial misconduct is not before the State Disciplinary Board nor before this Court. At the same time, the State Disciplinary Board may consider the past record of the Respondent, his age, his health conditions and any other relevant facts, whether in aggravation or in mitigation. Upon its reconsideration and determination, the Review Panel of the State Disciplinary Board is directed to report its finding to this Court.

*Case remanded to the Review Panel of the State Disciplinary Board. All the Justices concur.*

DECIDED NOVEMBER 22, 1993.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Morris, Manning & Martin, George E. Hibbs, Cook, Noell, Tolley & Aldridge, Edward D. Tolley, Hudson & Montgomery, James E.*

*Hudson,* for Brooks.