## S94Y1159. IN THE MATTER OF JAMES L. BROOKS.

(449 SE2d 87)

PER CURIAM.

This disciplinary action concerns the level of discipline to impose on James L. Brooks for violating Standard 66 of State Bar Rule 4-102 (D). Brooks requests a six months' suspension from the practice of law; the State Bar seeks disbarment. Rejecting both recommendations, we suspend Brooks from the practice of law for three years.

Brooks, a former superior court judge, pled nolo contendere to six counts of sexual battery and four counts of simple battery based on incidents that occurred while he served as judge. We previously held that the misdemeanor offense of sexual battery, as defined by OCGA § 16-6-22.1, is a crime involving moral turpitude in violation of Standard 66.[1] *In the Matter of James L. Brooks,* 263 Ga. 530 (436 SE2d 493) (1993). Because the special master's recommendation of a six months' suspension was made prior to our 1993 decision, we remanded the case to the review panel of the State Disciplinary Board for reconsideration of the penalty. The review panel concluded that the number of crimes involved and Brooks' position as a judge were aggravating factors that his age, health, and past record did not offset. On its fifth vote, the review panel voted 13-4 to recommend the disbarment of Brooks.

The primary purpose of a disciplinary action is to protect the public from attorneys who are not qualified to practice law due to incompetence or unprofessional conduct. See *In the Matter of Nicholson,* 243 Ga. 803, 807 (257 SE2d 195) (1979). As this court stated in

---

[1] Standard 66 (a) provides: "Conviction of any felony or misdemeanor involving moral turpitude shall be grounds for disbarment." Subsection (b) defines "conviction" as including a plea of nolo contendere.

*Nicholson,* "[t]he confidence of the public cannot be maintained if a member of the bar is allowed to practice after having been convicted of a wilful failure to obey the law in such a sensitive area." Id. Each case must be decided on its own facts. *In the Matter of Dowdy,* 247 Ga. 488, 493 (277 SE2d 36) (1981).

We agree with the special master that Brooks violated his position of public trust as a judge and disregarded his professional obligations as a lawyer. Judges are obligated to maintain a high standard of conduct because an "independent and honorable judiciary is indispensable to justice in our society." Georgia Code of Judicial Conduct, Canon 1. A judge's duty to conduct himself in a manner befitting his office is not limited to the hours spent presiding over court. See *In re Kivett,* 309 N. C. 635 (309 SE2d 442) (1983). By engaging in the unwanted touching of a sexual nature against several women, including county employees, Brooks abused his position of power as the chief judge of his judicial circuit. He also violated a lawyer's responsibility to maintain a high standard of professional conduct that exemplifies respect for the law. Given Brooks' misconduct while in office, a more severe sanction should be imposed than the six months' suspension that he proposes.

Yet, Brooks presents mitigating factors that suggest the State Bar's recommendation of disbarment also should be rejected. As a member of the State Bar of Georgia for over 40 years and a judge for 16 years, Brooks has had no prior judicial or state bar disciplinary actions. He has admitted his misconduct, left his judicial office, agreed not to seek service as a senior judge, and provided restitution to the victims in the form of counseling costs. His remorse, advancing age, and deteriorating health at the time of his wrongdoing are additional factors that suggest a long-term suspension will adequately protect both the public and the profession.

Based on the record in this case, this court orders that James L. Brooks be suspended from the practice of law in Georgia for three years. Since Brooks states that he closed his law practice in May 1993, he need only certify to this court that he has satisfied the requirements of State Bar Rule 4-219 (c).

*Suspended. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

SEARS, Justice, concurring.

Without a doubt, former Judge James L. Brooks committed offenses totally unbefitting a lawyer, much less a judge. Further aggravating his crimes is the fact that he did so while occupying a position of considerable authority and utmost trust. For this Brooks has been rightfully condemned.

At this phase in the various proceedings that have been insti-

tuted against Brooks, however, it is the duty of this Court not to sit as a court of morality and inflict punishment on Brooks solely because of the nature of his offenses, but rather to muster the moral courage required to sit as a court of law and soberly determine the appropriate punishment based, not just on the nature of the offenses, but also on the particular facts of the case and the character and circumstances of the admitted perpetrator. See *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981). In so doing, this Court must resist the temptation to abdicate our role as judges by allowing ourselves to focus only on the offenses for which Brooks has been convicted because the offenses happen to be currently sensitive either politically or socially. Judges must be strong enough and resilient enough to remain standing amidst the great tides and currents of public sentiment that often engulf our society when to do so is right.

To suspend Brooks from the practice of law for three years is the right thing to do.

Of course that does not mean that I cannot conceive of an instance in which a lawyer, particularly a judge, convicted of sexual battery should be disbarred for such conduct. However, in this case I believe that the majority is correct in light of the following:

1. Brooks was allowed to plead nolo contendere to sexual battery and has been sentenced to 36 months of probation;

2. The acceptance of Brooks's nolo contendere plea was conditioned upon his leaving the superior court bench;

3. The acceptance of Brooks's nolo contendere plea was conditioned upon his not seeking senior-judge status;

4. Brooks has been fined $3,000;

5. Brooks has been ordered to pay up to $2,800 in psychological counseling for the victims of his crimes;

6. Brooks is an elderly man who has practiced law in Georgia for over 40 years, during which time he had an unblemished disciplinary record, until now, of course;

7. Brooks's crimes, although egregious, do constitute misdemeanors in this state, not felonies;

8. The record available to this Court for review reveals absolutely nothing about the particulars of Brooks's various offenses; and

9. The review panel initially recommended a six-month suspension for Mr. Brooks, based on the same facts which ultimately led to its recommendation of disbarment.

The above punishment, plus a three-year suspension from the practice of law, would appear to impose a substantial and sufficient penalty, particularly in light of Brooks's age and infirmities. From the facts that have been made available to us, there is little to justify taking the last vestige of professional dignity from Brooks. As offended as I am by the former Judge's conduct, it is my view that the

death knell of disbarment ought not toll for this man.

HUNSTEIN, Justice, dissenting.

I dissent to the majority's decision to reject the review panel's recommendation of disbarment in order to impose a mere three-year suspension on James L. Brooks, a convicted sex offender who committed acts of sexual battery against five women over a twenty-three month period in the three counties that comprise the judicial circuit where Brooks served as chief judge. The facts of this case amply support the review panel's recommendation and clearly warrant a more severe punishment than a three-year suspension, the same punishment ordered by this Court in regard to private-sector attorneys who pled nolo contendere to a charge of theft by receiving stolen property, see *In the Matter of Freeman*, 261 Ga. 821 (411 SE2d 874) (1992), or who engaged in a sexual relationship with one client where the evidence *failed to reflect* that the sexual contact was nonconsensual. See *In the Matter of Lewis*, 262 Ga. 37 (415 SE2d 173) (1992).

The facts are uncontroverted. Brooks, while serving as chief judge of the Piedmont Judicial Circuit, pled nolo contendere to six counts of sexual battery. The prolonged pattern of Brooks' criminal behavior is amply demonstrated by the record. Brooks sexually battered:

A woman in Jackson County between September 23 and October 31, 1990;

A woman in Barrow County between July 8, 1991 and August 5, 1992;

Another woman in Jackson County on January 28, 1992;

A woman in Banks County between February 1 and February 28, 1992;

Another woman in Barrow County between June 8 and June 9, 1992;

The above-mentioned woman again in Jackson County on July 24, 1992.[2]

As Brooks' own testimony reflects, many of these offenses took place in the courthouse where he was carrying out his judicial duties and involved court-related personnel.

A person commits the offense of sexual battery "when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). "Intimate parts" is defined as "the primary genital area,

---

[2] In addition to these sexual batteries, Brooks pled nolo contendere to four counts of simple battery, involving the intentional physical contact of an insulting or provoking nature, as to four different women, in conduct dating back to June 1990. The nolo plea was entered on October 5, 1992.

anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female." Id. at (a). Sexual battery is a misdemeanor of a high and aggravated nature. Id. at (c); compare misdemeanor sexual offenses such as prostitution, OCGA § 16-6-9, masturbation for hire, OCGA § 16-6-16, and solicitation of sodomy of an adult, OCGA § 16-6-13 (a).

In the earlier appearance of this disciplinary proceeding in this Court, we held that sexual battery is a crime involving moral turpitude. *In the Matter of James L. Brooks*, 263 Ga. 530, 532 (436 SE2d 493) (1993). We remanded the case to the review panel of the State Disciplinary Board, specifically stating that the review panel, upon reconsideration of the matter, may consider the past record of the Respondent, his age, his health conditions and any other relevant facts, whether in aggravation or in mitigation. On remand, the review panel did precisely what this Court directed it to do. In its reconsideration of the matter, the review panel expressly stated that it "considered [Brooks'] past record, age, and health, *but did not find those matters to be sufficient mitigating factors.*" (Emphasis supplied.) The review panel then entered a recommendation that Brooks be disbarred from the practice of law because of his violation of Standard 66 of State Bar Rule 4-102 (D).

A majority of this Court now refuses to accept the review panel recommendation of disbarment because it finds that the very same matters considered and rejected by the review panel mitigate against disbarment and justify only a three-year suspension. The majority deems Brooks' age, health, and past record sufficient to offset the fact that Brooks' many sex offenses, committed while he was a public official, occurred in every county within his judicial circuit, spanned a twenty-three month period, and involved five different women, at least some of whom held subordinate, court-related positions. The discipline imposed by the majority is "inconsistent with more severe recommendations relative to lawyers who have violated *no* criminal statute, occupied *no* public office, and discharged *no* public responsibility." *In the Matter of Lotito*, 250 Ga. 537 (299 SE2d 559) (1983). This Court has disbarred others who have been convicted of no criminal violations, occupied no public office, and discharged no public responsibility. E.g., *In the Matter of Royal*, 262 Ga. 717 (425 SE2d 650) (1993); *In the Matter of Moss*, 262 Ga. 552 (422 SE2d 557) (1992); *In the Matter of Dupree*, 262 Ga. 176 (415 SE2d 631) (1992).

We have held that an attorney who fails to uphold the law seriously impairs the public's confidence in the entire legal profession, especially when his conduct extends over a prolonged period of time. *In the Matter of Nicholson*, 243 Ga. 803, 806 (257 SE2d 195) (1979). The effect of the failure of a *judge* to uphold the law, especially when his conduct is wide-spread and prolonged, must seriously impair the

public's confidence not only in the legal profession but in the entire judicial system.[3] Accord Commentary to Canon 2, Code of Judicial Conduct. Furthermore, such impairment of the public's confidence must be particularly profound in those instances where the criminal behavior in issue is not white collar, property-based offenses, see *Freeman,* supra (receiving stolen goods); *Nicholson,* supra (failure to file tax returns), but involves bodily contact, such as "the intentional touching of another person's intimate body parts, deliberately committed without that person's consent." *Brooks,* supra at 532.

This Court can maintain the integrity of the legal profession and the judicial system only by ordering a penalty appropriate to the severity of the violation. We have held that in arriving at the punishment to be imposed,

> [t]he question is not what punishment may the offense warrant, but what does it require as a penalty to the offender, a deterrent to others, and as an indication to lay[persons] that the courts will maintain the ethics of the profession. [Cit.]

*In the Matter of Dowdy,* 247 Ga. 488, 493 (4) (277 SE2d 36) (1981). Because I agree with the review panel's recommendation that the disbarment of Brooks is appropriate, not only as a penalty to the offender but also as a deterrent to others and as a clear and unmistakable indication to the public that this Court will enforce the ethical obligations of the legal profession, I dissent to the majority's imposition of a three-year suspension.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED OCTOBER 31, 1994.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Morris, Manning & Martin, George E. Hibbs, Cook, Noell, Tolley & Aldridge, Edward D. Tolley, Hudson & Montgomery, Jim Hudson,* for Brooks.

---

[3] A judge is charged by the Code of Judicial Conduct with conducting himself at all times in a manner that promotes public confidence in the integrity of the judiciary and to treat with patience, dignity, and courtesy the individuals with whom he deals in his official capacity. Code of Judicial Conduct, Canons 2 and 3.

The Commentary to Canon 3 now expressly directs that judges "must refrain from speech, gestures or other conduct that could reasonably be perceived as sexual harassment."