S94Y1298. IN THE MATTER OF J. W. YARBROUGH.
(450 SE2d 414)

PER CURIAM.

J. W. Yarbrough pleaded nolo contendere to one count of sexual battery.[1] His sentence of 12 months was suspended upon payment of a $1,000 fine. The State Bar issued a Notice of Discipline against Yar-

---

[1] A person commits the offense of sexual battery "when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). "Intimate parts" is defined as the "primary genital area,

brough, imposing a public reprimand for violating Standard 66 of Bar Rule 4-102 (d).[2] Yarbrough failed to reject the Notice of Discipline and the matter was filed with this Court. This Court rejected the Notice of Discipline and remanded the case to the Investigative Panel for further action. The Investigative Panel ordered the State Bar to institute a special master proceeding pursuant to Bar Rule 4-106.

At the evidentiary hearing before the special master, Yarbrough argued that prior to entering his nolo contendere plea, he conducted research to determine whether an offense of sexual battery might be classified as a misdemeanor involving moral turpitude, but was unable to find any law on point. He stated that it was a full year and a half after entering his plea that this Court held in *In the Matter of James L. Brooks*, 263 Ga. 530 (436 SE2d 493) (1993), that sexual battery is a crime of moral turpitude.

The special master found that although *Brooks* was rendered after Yarbrough's plea, in declaring sexual battery to be a crime of moral turpitude this Court held that such a finding could be applied retroactively. The special master then found that Yarbrough's plea and conviction constitute a violation of Standard 66. The special master recommends that this Court disbar Yarbrough from the practice of law in Georgia.

As this Court recently stated in *In the Matter of James L. Brooks*, 264 Ga. 583 (449 SE2d 87) (1994) (*Brooks II*), "[t]he primary purpose of a disciplinary action is to protect the public from attorneys who are not qualified to practice law due to incompetence or unprofessional conduct." Id., citing *In the Matter of Nicholson*, 243 Ga. 803, 807 (257 SE2d 195) (1979). We agree with the special master that disciplinary action should be taken against Yarbrough for violating Standard 66 by betraying his professional obligations as a lawyer and disregarding his responsibility to maintain a high standard of professional conduct that exemplifies respect for the law.

As in *Brooks II*, however, Yarbrough presents mitigating factors that gainsay the special master's recommendation of disbarment. Yarbrough has been a practicing attorney for at least 30 years and has no prior state bar disciplinary actions. His crime constitutes a misdemeanor, not a felony, and he was allowed to plead nolo contendere. Importantly, moreover, we are unable to discern from the record any specific circumstances of Yarbrough's offense. The record does not contain a transcript of the plea hearing or even a copy of the client

---

anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female." Id. at (a).

[2] Standard 66 (a) provides that "[c]onviction of any felony or misdemeanor involving moral turpitude shall be grounds for disbarment." Subsection (b) defines "conviction" as including a plea of nolo contendere.

grievance form. Considering the mitigating factors and the sparsity of the record, we reject the special master's recommendation of disbarment.

Furthermore, we do not believe that a three-year suspension, the punishment imposed in *Brooks II,* is appropriate in this case. Brooks committed more than one offense, over a period of several months, against co-workers over whom he, as a judge, was in a position of authority. Yarbrough, on the other hand, was not a judge and his offense involved only one instance and a single prospective client.

Based on the above, Yarbrough is hereby suspended from the practice of law in Georgia for a period of 18 months. Yarbrough is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Suspended. All the Justices concur, except Hunstein, J., who dissents.*

DECIDED DECEMBER 5, 1994.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Franklin & Franklin, Herbert E. Franklin, Jr.,* for Yarbrough.