S95Y1233. IN THE MATTER OF DAVID WAYNE WILLIAMS.

(464 SE2d 816)

FLETCHER, Presiding Justice.

This disciplinary proceeding against David Wayne Williams presents the questions whether the misdemeanor of public indecency, OCGA § 16-6-8, is per se a crime of moral turpitude under Bar Rule 4-106 and whether, under the facts of this case, Williams should be suspended pending the appeal of his conviction under that statute. We hold that public indecency is not per se a crime of moral turpitude under the Bar Rules because it does not necessarily relate to an individual's fitness to practice law, and we adopt the special master's recommendation that Williams not be suspended or otherwise disciplined for his conviction pending his appeal.

The crime of public indecency is not per se one of moral turpitude under Bar Rule 4-106 (a)[1] because it does not, in all instances, directly relate to an attorney's fitness to practice law. In reaching this conclusion, we look to the primary purpose of disciplinary action which is to protect the public from attorneys who are not qualified to practice law due to incompetence or unprofessional conduct.[2] As used in the context of the disciplinary rules, "moral turpitude" is a term of art referring to an act that bears a direct relationship to the attorney's fitness to practice law.[3] While lawyers may be sanctioned for

---

[1] The special master, appointed by this Court on request of the State Bar, conducted a show cause hearing under Rule 4-106. Rule 4-106 provides that the State Bar shall petition this Court for appointment of a special master for that purpose on receipt of "information or evidence that an attorney has been convicted of any felony or misdemeanor involving moral turpitude." Standard 66 of Bar Rule 4-102 also provides that conviction of any felony, or of a misdemeanor involving moral turpitude, shall be grounds for disbarment. Williams was convicted of public indecency, OCGA § 16-6-8, under an accusation charging him with "lewd exposure of the sexual organs," OCGA § 16-6-8 (a) (2).

[2] *In the Matter of Yarbrough,* 264 Ga. 720, 721 (450 SE2d 414) (1994); *In the Matter of Brooks,* 264 Ga. 583 (449 SE2d 87) (1994). See also § 1.1 ABA Standards for Imposing Lawyer Sanctions (1991) (Purpose of Lawyer Disciplinary Proceedings); Comment to Rule 8.4 of the American Bar Association, Model Rule of Professional Conduct, ABA, Center for Professional Responsibility, Annotated Model Rules of Professional Conduct (1992).

[3] Contrary to the position of the State Bar, "moral turpitude," as used in Bar Rule 4-106 (a) does not include all acts that might be considered to violate societal precepts of morality.

actions, including crimes, both civilly and criminally, the disciplinary rules come into play only where the actions or crimes bear on the lawyer's fitness to practice law.[4]

This construction of "moral turpitude" is consistent with the American Bar Association's Standards relating to violations of duties to the public, ABA Standards for Imposing Lawyer Sanctions (1991). We approve and adopt the ABA's Standard 5.1 (Violations of Duties Owed to the Public, Failure to Maintain Personal Integrity), which states that disbarment is generally appropriate for crimes that might be defined as "malum in se," including those that involve an element of fraud, and disbarment, or some other level of discipline, is generally appropriate for criminal acts or intentional conduct only where the conduct "adversely reflects on the lawyer's fitness to practice law."

We agree with the special master that the conduct for which Williams was convicted bears little, if any, relationship to his fitness to practice law, and has no apparent relationship to his clients or to the courts of the state or any members of the practicing bar.[5] We also agree that there is little if any benefit to the public in suspending Williams, or otherwise disciplining him pending his appeal.

For the above and foregoing reasons, we adopt the special master's recommendation that Williams not be suspended, or other-

---

The special master, in his thoughtful and well-reasoned report, did not make a specific conclusion regarding whether Williams' conviction constituted a crime of moral turpitude per se. Nevertheless, the special master recommended a restricted view of that term in accordance with *Lewis v. State*, 243 Ga. 443, 444-445 (254 SE2d 830) (1979):

> The gravest offenses, consisting of felonies, infamous crimes, and those that are malum in se and disclose a depraved mind. . . . As used in this state moral turpitude seems to mean infamy.

We note that while we referred to a rather broad definition of "moral turpitude" recently in *In The Matter of James L. Brooks*, 263 Ga. 530, 531 (436 SE2d 493) (1993), we did not in that case wholly adopt that definition for purposes of the disciplinary rules.

[4] We recognize that under Bar Rule 4-106 and Standard 66, a conviction of any felony, even if that felony could be said not to relate to an attorney's fitness to practice law, authorizes discipline, including, although not requiring, disbarment. This is appropriate because, in general, public confidence in the integrity of an attorney is undermined by a lawyer's conviction of a felony. However, discipline for misdemeanor violations is limited to those crimes which relate to a lawyer's fitness to practice law. Crimes involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. See Comment to Annotated Model Rules of Professional Conduct, Rule 8.4, n. 2. Thus, if Williams' conviction is affirmed on appeal, although he is subject to judicial sanction for criminal conduct, he is not subject to discipline for professional violations unless his fitness to practice law is affected by that conduct (and there is nothing in the record before us to indicate that it is).

[5] Williams was convicted for conduct which took place in his own apartment, not directly relating to any third persons, other than the two state's witnesses, neighbors in Williams' apartment complex, who had observed Williams while they were on the grounds outside Williams' apartment.

wise disciplined, pending his appeal.[6]

*No discipline imposed. All the Justices concur, except Benham, C. J., Carley, Thompson and Hines, JJ., who concur in the judgment only, and Hunstein, J., who dissents.*

DECIDED JANUARY 8, 1996.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Alan Eisenstein,* for Williams.

---

[6] This order is based on Bar Rule 4-106 (a). On termination of Williams' appeal, we urge the State Bar to seriously consider the benefit to the public, the Bar, and the courts before proceeding under Bar Rule 4-106 (f) in seeking further discipline against Williams.