S96Y0308. IN THE MATTER OF LORETTA YVETTE LYLES.
(469 SE2d 670)

PER CURIAM.

The State Bar filed formal complaints against Loretta Lyles charging her with violating certain professional standards, including Standard 44 of Bar Rule 4-102 (wilful abandonment of a client's legal matter), in connection with her representation of two clients. We agree with the special master and review panel that Lyles wilfully abandoned the legal matters of those clients and violated other pro-

fessional standards and reject Lyles' contention that the record does not support the findings in these cases. We also agree with the discipline recommended by the special master and review panel, six months suspension in each case, with conditions on Lyles' reinstatement.

In addition to the charge of wilful abandonment of a client legal matter (Standard 44), the State Bar charged Lyles with violating Standards 23 (failure to refund unearned fees on withdrawal from employment), 45 (knowingly making a false statement of law or fact), and 68 (failure to respond to disciplinary authorities). The record amply supports the special master's findings, following a hearing, and as adopted by the review panel. In the first case, Lyles agreed to handle a probate matter but failed to file a probate petition in a timely manner. The client was forced to hire another attorney to do the work for which he had paid Respondent and lost one or more sales of estate assets as a result of the delay in probate. We agree with the review panel that Lyles' conduct in this matter violates Standards 23 and 44.[1] We also agree that the record supports the finding that Lyles failed to respond to disciplinary authorities in this matter, in violation of Standard 68.

In the second matter, Lyles successfully handled the client's appeal of his unemployment claim, then recommended he file a discrimination complaint, which matter Lyles abandoned, to the client's detriment. We agree with the special master that Lyles did not timely file an answer to the State Bar's complaint in this case. Accordingly, she is deemed to have admitted the facts alleged and violations charged as follows: Bar Rule 4-212 (a).[2] The client paid Lyles $750 to handle his discrimination action, and she filed a lawsuit on his behalf in federal district court against his former employer. Lyles continually failed to respond to the client's numerous inquiries about the status of his case and failed to inform him of the defendant's discovery requests, its motion for sanctions for failure to respond to discovery, and the trial court's grant of that motion, dismissing the client's case. When the client finally was able to contact Lyles, she simply told him the case had been "thrown out," and the client determined for himself in reviewing filings in the federal district court, that the court had dismissed it as a sanction. We agree with the special master and re-

---

[1] As noted by the special master, the evidence, under the "beyond a reasonable doubt standard," Bar Rule 4-221 (e), does not support the State Bar's charges that Lyles violated Standard 45 in this case.

[2] Although he found her in default, the special master nevertheless heard testimony and received evidence in this matter and concluded Lyles had violated each of the standards as alleged by the State Bar, with the exception of Standard 23. With regard to that standard, the special master found the testimony of the amount the client had paid Lyles too unclear to support a violation.

view panel that Lyle's default in this case results in her admission of the violations alleged of Standards 23, 44, 45 and 68.

In determining the appropriate sanction to impose, we look to the ABA Standards for guidance and consider: the duty violated, the lawyer's mental state, the injury caused by the lawyer's misconduct, and the extent of aggravating and mitigating factors.[3] In both disciplinary actions Lyles failed to keep the clients apprised of the status or progress of their cases and failed to perform fundamental legal services, causing injury to each client. In the first case, the client was unable to take advantage of opportunities to sell estate property because of the delay in probating the estate. In the second, the client's case was dismissed. In aggravation, Lyles consistently has refused to acknowledge the wrongful nature of her conduct. Her actions and failure to act in these cases indicate a pattern of misconduct, and she has been indifferent to making restitution to her clients.[4] In mitigation we note that Lyles has not been the subject of discipline prior to these matters, and that she may have had medical problems during part of the time she represented one or both clients.[5] We order that Lyles be suspended from the practice of law in this state for six months in each case, for a total of twelve months. This is consistent with the ABA Standards, as well as disciplinary cases involving similar conduct.[6] In addition, Lyles' reinstatement to the practice of law is conditioned upon her making restitution to both clients.[7] Finally, once Lyles has been reinstated, within 90 days of that reinstatement she must demonstrate that she has obtained a certificate from the Law Practice Management Program of the State Bar of Georgia, and has been advised as to the best manner in which to set up and operate her law practice. Respondent is reminded of her obligations to protect the interests of her clients as well as to comply fully with all requirements of Bar Rule 4-219 (c) (1) and (2).

---

[3] ABA Standards for Imposing Lawyer Sanctions (1991), Standard 3.0.

[4] See ABA Standard 9.22.

[5] See ABA Standard 9.32.

[6] See ABA Standards 4.42, 4.62. See, e.g., *In the Matter of Gardner*, 265 Ga. 482 (458 SE2d 355) (1995) (six-month suspension with conditions on reinstatement for failure to provide status reports to out-of-state counsel and to respond to requests for information from client and the State Bar; failure to properly withdraw from another representation; and uttering a bad check on his escrow account); *In the Matter of Collins*, 261 Ga. 802 (411 SE2d 711) (1992) (one-year suspension for abandoning a legal matter; refusing to return the client's file; and failing to take reasonable steps to avoid prejudice to client's rights); *In the Matter of Collins*, 261 Ga. 622 (409 SE2d 662) (1991) (six-month suspension for failing to appear at bankruptcy hearing, notify client of court's dismissal of action, and return attorney fees or client's papers).

[7] Lyles, before she may be reinstated, must demonstrate that she has made restitution of $750 to the client in the first case, and $300 to the client in the second case.

*Twelve-month suspension with conditions. All the Justices concur.*

DECIDED MAY 13, 1996.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.