## S96Y1377. IN THE MATTER OF LORETTA YVETTE LYLES.
### (477 SE2d 105)

PER CURIAM.

The State Bar filed formal complaints against Loretta Yvette Lyles in four cases, charging her with violating Standards 44 (wilful abandonment of a client's legal matter), 22 (failure to properly withdraw from employment) and 23 (failure to return unearned fees on withdrawal from employment) of Bar Rule 4-102. On February 22, 1996, Lyles filed a Petition for Voluntary Discipline. The petition seeks to resolve these four cases as well as two other cases in which formal complaints have not been filed. Lyles requests a one-year suspension to run concurrent with the suspension she received on May 13, 1996. *In the Matter of Lyles*, 266 Ga. 668 (469 SE2d 670) (1996). We agree with the special master and review panel that Lyles' conduct constituted violations of Standards 22, 23 and 44 of Bar Rule 4-102. The record amply supports the special master's findings as adopted by the review panel. We also agree with the discipline recommended by the special master and review panel, two years to run concurrent with the suspension she is currently serving and that Lyles remain suspended until she makes restitution to her former clients.

These six cases arise out of grievances filed against Lyles and concern allegations of abandonment, improper withdrawal from cases and improper retention of fees and documents. In Case No. 3037, Lyles was hired to pursue the client's job reinstatement and an employment discrimination claim. Lyles was given several documents in support of the claims but failed to take action to pursue the claims or return the documents. She had not returned the documents at the time of the hearing before the special master. We agree with the review panel that Lyles' conduct constituted a violation of Standard 22.

In Case No. 3038, Lyles was hired to represent a client in a potential workers' compensation claim or disability retirement claim. The client paid Lyles $1,000 and she agreed to evaluate the case and assist in getting some medical bills paid. Lyles notified the adverse party that she represented the client, contacted doctors on the client's behalf, but then took no further action to pursue the claims. She did not inform the client about the status of the case or return the $1,000. After being unable to contact Lyles on several occasions, the client scheduled a meeting with Lyles, and demanded she return the $1,000. To date, Lyles has not returned any portion of the money. We agree with the review panel that Lyles' conduct constituted violations of Standards 44 and 23.

In Case No. 3039, Lyles was hired to determine the status of two race discrimination lawsuits pending in federal court. The client paid

Lyles $2,100 to investigate and handle the matters or, if the matters were no longer viable, to pursue a new discrimination case for the client. Lyles investigated the cases, found one case to be dismissed, and entered an appearance as attorney of record in the other case. She then took no action to pursue the case or communicate with the client regarding the status of the case. We agree with the review panel that Lyles' conduct constituted violations of Standards 22 (a), 23 and 44.

In Case No. 3040, Lyles was paid $500 to pursue the client's job reinstatement. She agreed to handle the case through in-house procedures and succeeded in having the client reinstated. The client then contacted Lyles to pursue a potential employment discrimination case. Lyles told the client she would need an additional $1,500 to pursue the claim. The client wrote Lyles demanding the return of the $500 and the documents in the client's file. Lyles told the client that she felt she had earned the $500, but did not return the documents. We agree with the review panel that Lyles' conduct constituted a violation of Standard 22 (b) for failing to return the documents.

In Case Nos. 3110 and 3111, Lyles represented a criminal defendant on appeal. The Court of Appeals granted her two extensions of time to file an enumeration of errors and brief, but she failed to file the documents. The Court of Appeals then ordered her to file an enumeration of errors and brief, but she did not do so. The appeal was dismissed. We agree with the review panel that Lyles' conduct constituted a violation of Standard 44.

We order that Lyles be suspended from the practice of law in this state for two years to run concurrent with the suspension she is currently serving. In addition, Lyles' reinstatement to the practice of law is conditioned upon her making full restitution to the clients in Case Nos. 3038 and 3039. Lyles is reminded of her duties under Bar Rule 4-219 to give timely notification to her clients of her inability to represent them, to take all actions necessary to protect the interests of her clients, and to certify to this Court that she has satisfied the requirements of that Rule.

*Two-year suspension with conditions. All the Justices concur.*

DECIDED NOVEMBER 4, 1996.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.