489 S.E.2d 834 (1997)
268 Ga. 335
In the Matter of Kenneth Raymond CARLSON.
No. S96Y1021.
Supreme Court of Georgia.
September 15, 1997.
William P. Smith, III, General Counsel, E. Duane Cooper, Asst. General Counsel, State Bar of Georgia, Atlanta, for the State Bar of Georgia.
Kenneth Raymond Carlson by Chase Ingersoll, Peoria, for Kenneth Raymond Carlson.
PER CURIAM.
Kenneth Raymond Carlson pled guilty in a Kentucky state court to the charge of flagrant nonsupport, a class D felony (the least severe class) in the Commonwealth of Kentucky. See Kentucky Revised Statutes § 530.050.[1] As a result, the State Bar has *835 charged Carlson with violating Standard 66[2] of Bar Rule 4-102(d). Although Carlson made support payments periodically, he amassed a substantial arrearage ($43,000) while he was suffering from bi-polar manic depression and alcoholism. At the time of the hearing before the special master, Carlson was undergoing long-term treatment at a Veterans' Administration hospital. Carlson admits his conviction, but denies he violated Standard 66.
It is in accord with our state's public policy to recognize Carlson's Kentucky conviction for purposes of this Georgia disciplinary proceeding. Furthermore, the conduct for which Carlson was convicted would subject him to discipline under the laws of this state; therefore, we conclude, contrary to the special master, that Carlson's conviction constitutes a violation of Standard 66. Accordingly, we decline to follow the special master's recommendation that Carlson not be suspended or otherwise disciplined. After consideration of the American Bar Association's Standards for Imposing Lawyer Sanctions (1991) and the mitigating factors of Carlson's alcoholism and diagnosed psychiatric disorder, we also reject the harshest penalty of disbarment advocated by the State Bar.
We find it appropriate to suspend Carlson from the practice of law in this state for twelve months or until such time as his obligation for child support arrearage under the Kentucky court's order of probation is fulfilled, whichever period of time is longer. This comports with the provisions of OCGA § 19-6-28.1 and Bar Rule 1-209.[3]
Suspension.
All the Justices concur, except HUNSTEIN and THOMPSON, JJ., who dissent.
SEARS, Justice, concurring.
I agree with the level of discipline imposed in this case, and therefore concur in the judgment. I write to explain my thoughts regarding how this Court should treat, for purposes of Standard 66, a felony committed in another state and to explain why I believe that the suspension imposed by this Court is appropriate.
This Court has recently explained that under Standard 66 a conviction of any felony authorizes discipline, but that "discipline for misdemeanor violations is limited to those crimes which relate to the lawyer's fitness to practice law [i.e., those crimes involving moral turpitude]."[4] Because Carlson's conduct would not constitute a felony under the laws of this State, but would constitute a misdemeanor under Georgia's most comparable crime of abandonment,[5] it is necessary to determine whether the Kentucky felony should be treated as a felony or a misdemeanor for purposes of Standard 66. I conclude that, when a member of the Bar of this State is convicted of a felony under the laws of a sister State, that crime generally should be treated as a felony under Standard 66.
First, as a matter of comity, the courts of this State will usually enforce the laws of another state if they are not contrary to the public policy of this State.[6] Second, analyzing *836 whether a felony committed in another state is most comparable to a felony or misdemeanor in Georgia is unnecessary and cumbersome and could serve to undermine public confidence in both the integrity of attorneys and the disciplinary process. In this regard, in In the Matter of David Wayne Williams,[7] when we interpreted Standard 66 to authorize punishment for the conviction of a felony even if it did not involve moral turpitude, we stated that this interpretation of Standard 66 "was appropriate because, in general, public confidence in the integrity of an attorney is undermined by a lawyer's conviction of a felony."[8] Because an attorney's conviction of a felony under the laws of another State generally will undermine public confidence in the integrity of the attorney to the same extent as the attorney's conviction of a felony in Georgia, I would adopt the general rule that a felony conviction in another State should be treated as a felony for purposes of Standard 66. I acknowledge, however, that this general rule should be subject to exceptions if compelling reasons exist to treat it as another type of offense or even as no offense at all. In this case, however, I find no public policy concerns or other compelling reasons for not treating the Kentucky felony of flagrant nonsupport as a felony for purposes of Standard 66. Accordingly, I have treated it as a felony.
I therefore turn to the appropriate level of discipline in this case. Although the State Bar seeks Carlson's disbarment, I find that that discipline is inappropriate for two reasons. First, by amending its probation order to provide that Carlson would make "payment toward licenses in Michigan and Georgia which were administratively suspended for non-payment of dues," the Kentucky court that sentenced Carlson has implicitly expressed its opinion that disbarment is not warranted. Second, relying on the American Bar Association's Standards for Imposing Lawyer Sanctions (1991),[9] this Court has viewed physical and mental disabilities or impairments as mitigating factors in disciplinary proceedings.[10] In this case, Carlson's disabling alcoholism and his diagnosed severe psychiatric disorder are mitigating factors because they have affected Carlson's ability to function and earn a living.
Without diminishing the seriousness of Carlson's offense or the harm that it has caused to his minor children and his former spouse, I find, for the foregoing reasons, that the level of discipline imposed by this Court is appropriate.
HINES, Justice, concurring.
I concur fully in the determinations that Carlson's out-of-state felony conviction for flagrant nonsupport violates Standard 66, subjecting him to discipline, and that the sanction of suspension is warranted. I do so based on traditional notions of comity and in consideration of the importance of preserving the integrity of the practice of law in Georgia.
In this case, our inquiry should focus first on the weight we are required to afford another state's classification of a crime in the context of a disciplinary proceeding. The doctrine of comity generally compels us to recognize and enforce foreign laws except where those laws are contrary to this state's public policy.[11] The special master correctly noted Georgia does not have a direct equivalent of Kentucky's crimes for failure to pay child support,[12] and found our state's crime of abandonment, generally a misdemeanor, OCGA § 19-10-1, most comparable.[13] Carlson *837 pled guilty to flagrant nonsupport, the elements of which include persistently failing to provide support which the parent reasonably could have provided, and which the parent knew he had a duty to provide. Because such conduct would authorize a finding of contempt, as well as the crime of abandonment, we must recognize Kentucky's criminalization of nonpayment of child support for purposes of this disciplinary proceeding.
The next question is whether to recognize the Kentucky felony as a felony under the disciplinary rules, or as a misdemeanor. This distinction is crucial because under Standard 66, a conviction of any felony authorizes discipline, while a conviction of a misdemeanor warrants discipline only where the crime is one of moral turpitude.[14] In the context of disciplinary proceedings, crimes of moral turpitude are limited to those which relate to a lawyer's fitness to practice law, including crimes involving violence, dishonesty, breach of trust, or serious interference with the administration of justice.[15] Because Carlson's conduct would not constitute a felony under Georgia law,[16] it should not be viewed as such for purposes of determining the propriety and extent of discipline. Instead, because the Kentucky crime of flagrant nonsupport is similar to our crime of abandonment, generally a misdemeanor, the Kentucky crime should be treated as a misdemeanor in this proceeding. Accordingly, discipline is appropriate if Carlson's crime is one of moral turpitude.
I have no difficulty determining that flagrant nonsupport is a crime of moral turpitude, and thus, relates to Carlson's fitness to practice law. Moreover, the aggravated circumstances incorporated in the elements of flagrant nonsupport amount to a wilful violation of a court order.[17] The act of contravening a court order is conduct which directly bears on an attorney's fitness to practice law. Thus, discipline is not only appropriate, but essential to ensure the integrity of the profession and to protect the public from a lawyer who is engaging in unprofessional conduct.
The final question is the discipline to be imposed, and Carlson's conduct should be assessed under the guidelines of the American Bar Association's Standards for Imposing Lawyer Sanctions (1991). I disagree with the special master's recommendation, in the event this Court found discipline to be appropriate, of a public reprimand. Under ABA Standard 6.23, a reprimand is appropriate discipline for a lawyer's failure to comply with a court order or rule where the lawyer's noncompliance is negligent. The elements of the Kentucky crime of flagrant nonsupport preclude a finding of negligence on Carlson's part.
Nor can I agree with the State Bar's recommendation that Carlson be disbarred. Even the Kentucky sentencing court acknowledged that disbarment was not warranted and that Carlson should have a *838 chance at rehabilitation.[18] Moreover, I think we must be mindful of Carlson's alcoholism and diagnosed psychiatric disorder as mitigating factors because they so directly impact Carlson's livelihood. See ABA Standard 9.32(h). I believe that ABA Standard 6.22 guides our way in this case. It provides that suspension is appropriate when a lawyer knows that he is violating a court order or rule, and there is injury or potential injury to a client or a party or interference or potential interference with a legal proceeding. Carlson's conduct constituted the wilful violation of a court order, and the potential or actual injury caused by the misconduct is plain. Not only is there direct harm to Carlson's two minor children and his former spouse, but there is the injury caused by any attorney who wilfully disregards a court order, thereby disrupting and undermining public confidence in the legal profession and the integrity of officers of the court.
Consequently, I agree to suspend Carlson from the practice of law in this state.
BENHAM, C.J., and CARLEY, J., join in this concurrence.
HUNSTEIN, Justice, dissenting.
This disciplinary action presents two issues for this Court's resolution: (1) whether a felony conviction in another state should be treated as a felony conviction in this State for purposes of Standard 66 and (2) whether a lawyer is subject to discipline by the Bar for failure to abide by a court order in a matter unrelated to the lawyer's professional activities under Standard 6.0 et seq. of the American Bar Association's Standards for Imposing Lawyer Sanctions (1991). On the first issue, I concur with the majority's holding that Carlson's felony conviction in Kentucky constitutes a violation of Standard 66. "Conviction of any felony or misdemeanor involving moral turpitude shall be grounds for disbarment." Id. That language is plain and unambiguous and admits of no exceptions for attorneys who commit crimes in other jurisdictions. It is an attorney's duty to uphold the law and that duty applies to all laws to which the attorney is subject. Carlson had a duty to obey the laws of the State of Kentucky and it is his knowing failure to obey those laws, rather than the nature of the criminal activity he committed, that reflects now on his fitness to practice law in the State of Georgia.[19] I would, however, recognize that there may be circumstances where an attorney's conviction for a criminal offense under Standard 66 may not mandate disbarment because that conviction is mitigated by the nature of the offense or by compelling public policy reasons, circumstances not present in this case.
As to the second issue, I agree with the majority's implicit rejection of ABA Standard 6.0 as a standard applicable to this case, although I would openly cite the ABA standard expressly applicable where a lawyer is convicted of a felony offense, ABA Standard 5.11, which provides that disbarment is generally appropriate for "serious" criminal conduct, absent mitigating circumstances.[20] The *839 sanction of disbarment for a lawyer convicted of a felony is consistent with long-standing Georgia law that recognizes
[i]f the law is to be respected, the public must be able to respect the individuals who administer it. By failing to swiftly discipline an attorney found guilty of a serious offense, we necessarily impair the public's confidence in the law and in this Court's willingness to enforce the law evenhandedly. [Cit.]
(Punctuation omitted.) In the Matter of Stoner, 246 Ga. 581, 582(1), 272 S.E.2d 313 (1980).
Although I concur with the result reached by the majority on these two issues, I must respectfully dissent to the majority's rejection of disbarment as the appropriate disciplinary sanction in this case. The majority reasons that Carlson's discipline for the commission of a felony should be mitigated by his mental illness and alcoholism. However, it cannot be controverted that Carlson's mental illness and alcoholism did not impair his ability to support his children, given that the felony of flagrant nonsupport to which Carlson pled guilty applies only where a defendant fails to provide support "which he can reasonably provide." KRS § 530.050. Had alcoholism and mental illness truly affected Carlson's ability to pay the $43,000 in child support that accrued while he was a member of the bars in Georgia and Illinois, under the plain language of the Kentucky statute Carlson could not have been guilty of the felony to which he knowingly and voluntarily pled guilty. The record thus does not support the inference drawn by the majority that Carlson's alcoholism and mental problems in any manner mitigated his felonious refusal to support his children[21] and accordingly I must disagree that these matters serve as mitigating factors to the disciplinary sanction we impose here for Carlson's felony conviction.[22]
The punishment imposed by the majority seriously diminishes the seriousness of Carlson's offense and the harm he has caused not only to his children and former spouse, but to the public generally. See Garrett v. State, 125 Ga.App. 743, 745-746, 188 S.E.2d 920 (1972). In recognition of the public's interest in parents supporting their children, this Court recently passed Bar Rule 1-209, which provides that a Georgia lawyer may be deemed no longer in good standing when he or she wilfully refuses to pay child support obligations.[23] This rule was intended to send a message to attorneys licensed to practice law in this State of the great importance placed upon a parent's obligation to support his or her offspring and that "the best interests of society require [a parent] to fulfill his [and her] moral and legal obligations" to support dependent children. Garrett v. State, supra at 744, 188 S.E.2d 920. The majority's opinion sends the wrong message to the bench, bar, and public by failing to punish Carlson's criminal conviction with a penalty appropriate to the seriousness of his misconduct. I would consider this case in light of the factors adopted by this Court in In the Matter of Lyles, 266 Ga. 668, 670, 469 *840 S.E.2d 670 (1996), and because application of those factors reveals that disbarment is the appropriate level of discipline and that the mitigating factors are not sufficient to support a lesser sanction, I would follow the recommendation of the State Bar and disbar Kenneth Raymond Carlson, a convicted felon, for his violation of Standard 66 of Bar Rule 4-102. Accordingly, I must respectfully dissent to the majority's imposition of a twelve-month suspension in this case.[24]
I am authorized to state that Justice THOMPSON joins in this dissent.
NOTES
[1] KRS § 530.050 provides in pertinent part:

A person is guilty of flagrant nonsupport when he persistently fails to provide support which he can reasonably provide and which he knows he has a duty to provide by virtue of a court or administrative order to a minor ... and the failure results in:
(a) An arrearage of not less than one thousand dollars ($1,000); or
(b) Six (6) consecutive months without payments of support; or
(c) The dependent has been placed in destitute circumstances....
[2] Standard 66(a) provides that: "Conviction of any felony or misdemeanor involving moral turpitude shall be grounds for disbarment."
[3] The Code section, effective July 1, 1996, allows for the suspension of, denial of application, or renewal of a license for noncompliance with a child support order. Rule 1-209 provides that when a court of competent jurisdiction makes a finding under the Code section that a member of the bar has wilfully failed to timely pay a child support obligation and such refusal continues for 30 days after the determination becomes final, the bar member "shall be deemed not to be in good standing and shall remain in such status until such time as the noncompliance is corrected."
[4] In the Matter of David Wayne Williams, 266 Ga. 132, 133, n. 1, n. 4, 464 S.E.2d 816 (1996).
[5] Georgia has no crime of flagrant nonsupport, and the most comparable Georgia crime, abandonment, would be a misdemeanor under the facts of Carlson's case. See OCGA § 19-10-1.
[6] University of Iowa Press v. Urrea, 211 Ga.App. 564, 440 S.E.2d 203 (1993).
[7] 266 Ga. 132, 464 S.E.2d 816 (1996).
[8] Id. at 133, n. 4, 464 S.E.2d 816.
[9] See ABA Standard 9.32(h).
[10] In the Matter of Wittes, 267 Ga. 52, 472 S.E.2d 429 (1996); In the Matter of Bailey, 267 Ga. 370, 478 S.E.2d 131 (1996).
[11] See Nasco, Inc. v. Gimbert, 239 Ga. 675, 238 S.E.2d 368 (1977); Ulman Woolen Co. v. Magill, 155 Ga. 555, 117 S.E. 657 (1923).
[12] Nonsupport is, of course, punishable by contempt in this state, as is any other violation of a court order. See generally, OCGA § 15-1-4.
[13] OCGA § 19-10-1(a) and (b) provide that a child abandoned by its father or mother shall be considered in a dependent condition when the parent does not furnish sufficient food, clothing or shelter for the needs of the child, and that a parent who wilfully and voluntarily leaves a child in a dependent condition is guilty of a misdemeanor.
[14] In the Matter of David Wayne Williams, 266 Ga. 132, 133 n.4, 464 S.E.2d 816(1996).
[15] Id. While the special master cited cases holding abandonment not to be a crime of moral turpitude, those cases were not decided in the context of a disciplinary proceeding, where moral turpitude has a particular definition.
[16] The crime of abandonment, see note 5, supra, is a misdemeanor in most instances, except where the parent leaves the state in which the child resides, in which case the crime is a felony.
[17] See DR1-102 (A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) and DR7-106 (A) (a lawyer shall not disregard a court ruling). See also, People v. Tucker, 837 P.2d 1225, 1229 (Colo. 1992), in which the Colorado Supreme Court, citing the foregoing directory rules, found the respondent lawyer's refusal to comply with the trial court's order twice resulting in criminal contempt, to constitute aggravating circumstances warranting professional discipline. See also, In the Matter of Anderson, 247 Kan. 208, 795 P.2d 64, 67 (1990), in which the Kansas Supreme Court held that the attorney's wilful violation of a child support order of another state, including the fact that he quit his job solely to avoid support payments, evidenced a "contempt for the judicial process and an indifference to his legal obligations," warranting an indefinite suspension; Florida Bar v. Taylor, 648 So.2d 709 (Fla.1995), holding that the respondent lawyer's contempt in another state of a support order did not authorize discipline absent a finding of fraudulent or dishonest conduct, or where the failure to pay support rose to the level of criminal contempt.
[18] In February, 1996, the Kentucky court amended its order of probation to provide that Carlson would submit an application to obtain a license to practice law in Illinois and/or that he would make payment to reactivate his licenses to practice law in Michigan and Georgia.
[19] Thus, to the extent that the majority intimates otherwise in its statement that "the conduct for which Carlson was convicted would subject him to discipline under the laws of this state," Majority opinion, p. 2, I can concur in judgment only, since Carlson's conduct was not committed here in Georgia but was committed in a state where it constituted a felony. What is relevant is not the manner in which the conduct would be categorized here in Georgia, but the lawyer's culpability in committing behavior known to the lawyer to constitute a felony in the state where the criminal activity occurred.
[20] Standard 5.11 provides that disbarment is generally appropriate when:

(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or
(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.
[21] Although Justice Hines in his concurrence also references as a mitigating factor the Kentucky court's order that Carlson should make payments to reactivate his license to practice law in Georgia, I agree with the majority's implicit rejection of this matter in that the Kentucky court's order is irrelevant to our determination whether a lawyer convicted of a felony in another state should be allowed to practice law in Georgia. There is no basis in comity or any other public policy that would justify this State allowing a felon convicted in another state to practice law here solely because the other state's court has not only authorized but encouraged the felon to do so. I would note that the Kentucky court order can not damage the interests of the State of Kentucky, in that nothing in the record indicates Carlson has a license to practice law in Kentucky.
[22] Although the majority considers Carlson's alcoholism and mental illness severe enough to mitigate against disbarment for Carlson's felony conviction, the majority chooses to ignore the obvious impact of these impairments on Carlson's ability to practice law in this State.
[23] Rule 1-209 provides that in the event a court of competent jurisdiction makes a finding, under the procedures of OCGA § 19-6-28.1, that a member has wilfully failed to timely pay a child support obligation and continues such refusal for thirty days after the determination becomes final, the member "shall be deemed not to be in good standing and shall remain in such status until such time as the noncompliance is corrected."
[24] Because I would disbar Carlson, I do not address the propriety of conditioning Carlson's suspension upon his payment of sums due under a Kentucky court order.