[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 940 
Alfa Mutual General Insurance Company ("Alfa") appeals from a judgment entered on a jury verdict for Jerry Oglesby on his claim alleging breach of contract. Alfa initiated the litigation by suing for a declaratory judgment and for rescission of a contract between the parties. We affirm.
Jerry Oglesby purchased a homeowner's insurance policy from Alfa in December 1989. On December 28, 1989, the policy went into effect; it provided coverage of $35,000 for Oglesby's dwelling, $24,500 for the contents of the dwelling, and $10,500 for the loss of use of the dwelling. The policy was renewed annually. The last renewal policy went into effect on January 10, 1994; it provided increased coverage of $43,000 for the dwelling, $30,000 for the contents, and $12,900 for the loss of use.
On February 16, 1994, Oglesby's house was completely destroyed by fire. On February 28, 1994, Oglesby filed a sworn proof of loss statement with Alfa. During its investigation of the fire, Alfa discovered that before he had bought the insurance policy Oglesby had been arrested for indecent exposure. Alfa filed this action for a declaratory judgment seeking to rescind the contract between Alfa and Oglesby, alleging that the company should not be liable to Oglesby on his homeowner's policy because when he applied for the policy he failed to answer "yes" to the question "Has anyone in the household ever been arrested for any reason?" On May 23, 1994, Oglesby answered and counterclaimed, alleging breach of contract.
Alfa moved for a summary judgment, contending that Oglesby had made material misrepresentations in his application by not disclosing that he had pleaded guilty in Georgia to four counts of public indecency. Alfa argued that information of Oglesby's arrests was material to its acceptance of the risk and that if it had known of Oglesby's arrests it would not have issued the policy of insurance. The trial court denied the motion.
The case was tried on September 24, 1996. The jury returned a verdict in favor of Oglesby for $82,500. Alfa moved for a new trial on October 25, 1996; its motion was denied by operation of law.
Alfa raises the following issues: whether the trial court erred (1) in directing a verdict for Oglesby on Alfa's claims of misrepresentation under § 27-14-7, Ala. Code 1975; (2) in failing to charge the jury on misrepresentation made by Oglesby during the application process and before the fire loss; (3) by allowing evidence to be offered to show that there had not been a criminal prosecution of Oglesby for arson; (4) in denying Alfa's motion for summary judgment; (5) by not allowing complete testimony and evidence regarding Oglesby's prior arrests and convictions; (6) in denying Alfa's motion for new trial; and (7) in calculating the prejudgment interest award.
Alfa first argues that the trial court erred in granting Oglesby's motion for a directed verdict. During the trial, the Alfa agent who sold the policy testified that the question on the application about prior arrests had been asked of Oglesby and that Oglesby answered it "No." The trial court refused to allow Alfa to introduce evidence of the facts surrounding the arrests and/or convictions. At the close of Alfa's evidence, Oglesby moved for a directed verdict as to Alfa's claim of misrepresentation under § 27-14-7, based on the case of StateFarm Gen. Ins. Co. v. Oliver, 658 F. Supp. 1546 (N.D.Ala. 1987). The trial court granted Oglesby's motion and directed a verdict on Alfa's claim of misrepresentation under § 27-14-7. Section27-14-7(a) provides:
 "All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
"(1) Fraudulent; *Page 941 
 "(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
 "(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
Because the court directed a verdict for Oglesby on this issue, the jury was not charged on the law regarding misrepresentations in the application and misrepresentations before the loss.
The standard of review applicable to a motion for a directed verdict is stated as follows:
 "The standard of review applicable to a motion for directed verdict is the 'substantial evidence rule.' See, § 12-21-12(a), Ala. Code 1975; Koch v. State Farm Fire Cas. Co., 565 So.2d 226, 228
(Ala. 1990). To withstand a motion for a directed verdict, a party must have presented 'substantial evidence' supporting each element of his cause of action or defense. Id. 'Substantial evidence' has been defined as 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989); see Ala. Code 1975, § 12-21-12. Also, we note that in reviewing a ruling on a motion for a directed verdict, we must view all the evidence in a light most favorable to the nonmovant and must entertain such reasonable inferences from the evidence as the jury would have been free to draw. Williams v. Allstate Insurance Co., 591 So.2d 38 (Ala. 1991); Bailey v. Avera, 560 So.2d 1038 (Ala. 1990)."
Hosea O. Weaver Sons v. Towner, 663 So.2d 892, 894
(Ala. 1995).
Alfa contends that the trial court erred in directing a verdict on Alfa's claim because, it says, there are questions of fact as to whether Oglesby made misrepresentations during the policy application and before the fire loss. Alfa argues that the trial court erred in holding that the federal district court decision in State Farm was dispositive of the misrepresentation issue. In State Farm, as in this present case, the insurer sought to deny benefits for a fire loss, on the basis of a misrepresentation in the insured's application. In that district court case, in reviewing State Farm's post-judgment motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial, District Judge William Acker stated:
 "The only 'policy or contract' here issued in response to Mr. Oliver's application of November 16, 1984, was not the 'policy or contract' which was in force at the time of the fire. The policy here involved was a renewal policy issued one year after November 16, 1984. When the Alabama Legislature provided that 'misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery . . . unless', it obviously was mandating a strict interpretation of its subsequent language in favor of the insured. If literally construed, § 27-14-7(a)(3) makes no reference to any 'policy or contract' except a 'policy or contract' issued in direct and immediate response to the false application."
State Farm, 658 F. Supp. at 1550. (Emphasis original.) The trial court directed a verdict for Oglesby on Alfa's claim that the contract should be rescinded because of Oglesby's alleged misrepresentation under § 27-14-7. The trial court, relying upon State Farm, held that § 27-14-7 does not apply to renewal policies and, because the policy in issue was a renewal policy, determined that a directed verdict was warranted.
We conclude that the legislature intended that § 27-14-7
apply to initial policies and the applications therefor. Therefore, the trial court properly directed a verdict for Oglesby on Alfa's claim for rescission based upon an alleged misrepresentation.
Alfa next argues that the trial court erred in refusing to include certain of Alfa's *Page 942 
requested jury instructions (specifically Nos. 1-7 and No. 9) in its charge to the jury. Alfa attached copies of these requested charges as appendixes to its brief filed in this Court, but they were not included in the record on appeal. The record does indicate that the trial court charged the jury that a misrepresentation is an affirmative defense to a breach-of-contract claim. The trial court's charge in this regard was as follows:
 "Alfa says that he is not entitled to recover under his insurance policy because he made certain misrepresentations after the loss. Alfa's answer raising misrepresentation is an affirmative defense. Therefore, the burden is upon Alfa to reasonably satisfy you from the evidence of the truthfulness of the following matters: That Jerry Oglesby concealed or misrepresented some material fact or circumstance relating to this insurance policy after the loss. If Alfa has proved to your reasonable satisfaction from the evidence the truthfulness of those averments, Alfa need not honor and pay pursuant to the contract of insurance, and the policy is void."
Alfa objected to the trial court's refusal to charge the jury on misrepresentation pursuant to § 27-14-7 and to the court's omission from charge No. 9 of language regarding the time of the alleged misrepresentation. As previously mentioned, the record does not contain a copy of the requested jury instructions. "This court cannot assume error, nor can it presume the existence of facts to which the record is silent.Dais v. State ex rel. Davis, 420 So.2d 278
(Ala.Civ.App. 1982). The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal. Matterof Coleman, 469 So.2d 638 (Ala.Civ.App. 1985)." Newman v.State, 623 So.2d 1171, 1172 (Ala.Civ.App. 1993).
Alfa next argues that the trial court committed reversible error by allowing testimony regarding whether Oglesby had been criminally prosecuted for arson. The testimony at issue was elicited from Alfa's investigator, Rodney Brown, during cross-examination. The questioning regarded the report of the fire to the state fire marshal and the state fire marshal's subsequent investigation of the fire. In his questioning of Brown, Oglesby's attorney, referring to the investigation by the state fire marshal, asked, "And he did not bring any criminal charges in this case?" Brown responded by stating "I do not know." Alfa objected, and the trial court overruled the objection. Once again Oglesby's attorney asked, "No criminal charges were brought?" Brown once again responded, "I don't know." Rule 61, Ala. R. Civ. P., states:
 "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
The trial court committed no reversible error in allowing the testimony from Brown, for two reasons. First, the testimony elicited from Brown indicated that he did not know to what extent an arson investigation was conducted; therefore, even if admitting the testimony was error, the error was harmless. See Rule 45, Ala. R.App. P. Second, Brown's direct examination by Alfa's attorney indicated that an investigation had been conducted by Alfa, the state fire marshal, and the office of the Paulding County, Georgia, sheriff. Therefore any elicitation of testimony on cross-examination regarding that investigation would be proper.
Alfa next argues that the trial court erred in denying its motion for summary judgment. "In reviewing the disposition of a motion for summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before [it] made out a genuine issue of material fact" and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the *Page 943 
burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 798 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc.,564 So.2d 412, 413 (Ala. 1990).
The trial court's order denying Alfa's motion for summary judgment stated, in pertinent part:
 "Without question, [Oglesby] was convicted in 1988 in the State of Georgia for four counts of public indecency on allegations that he engaged in a 'lewd exposure of his sexual organ in a public place' [the open bedroom window of his residence]. [Alfa] asserts this is a crime involving moral turpitude and, [therefore that Oglesby's] failure to disclose these convictions in his application for insurance constitutes a material misrepresentation as a matter of law.
 "Neither [Alfa] nor [Oglesby's] counsel have helped the Court in resolving this question, seeming to prefer a 'shoot from the hip' ruling by the Court. Independent research by the Court, however, reveals that the State of Georgia, in the case of [In re: Williams, 266 Ga. 132, 464 S.E.2d 816 (1996)], has specifically held public indecency not to be a crime involving moral turpitude . . . .
 "[While] the same research seems to indicate that the 'Georgia rule' is a minority rule in this country, and even though this Court believes such conduct to be base, vile and immoral to the extent it should be deemed to involve moral turpitude, the Court, at the same time, is bound by Georgia's holding on this point."
In considering whether the trial court erred in denying Alfa's motion for summary judgment, we must consider Alfa's argument regarding what effect Oglesby's concealment of his arrests and convictions for indecent exposure had on Alfa's decision to insure or not to insure Oglesby. Alfa relies onClark v. Alabama Farm Bureau Mut. Cas. Ins. Co., 465 So.2d 1135
(Ala.Civ.App. 1984), in which the Court of Civil Appeals held "that a conviction of a crime involving moral turpitude which is not disclosed to a prospective insurer increases the risk of loss as a matter of law." 465 So.2d at 1140. However, the Court of Civil Appeals in Clark did not specifically state that indecent exposure is a crime involving moral turpitude; rather it stated:
 "Sexual crimes, or offenses related thereto, such as abduction, aiding and abetting in lewd entertainment, rape and similar crimes, and soliciting for prostitutes are all crimes which are regarded as involving moral turpitude. 58 C.J.S. Moral § 1 (1948) (Supp. 1984)."
465 So.2d at 1139. "Moral turpitude" was defined by this court in Ex Parte McIntosh, 443 So.2d 1283, 1284 (Ala. 1983), as follows:
 "Moral turpitude signifies an inherent quality of baseness, vileness and depravity. [The term refers to something] immoral in itself, regardless of the fact that it is punished by law."
(Quoting C. Gamble, McElroy's Alabama Evidence § 145.01(7) (3d ed. 1977).) We are not bound by Georgia law, contrary to the trial court's statement in its order; the courts of this state have not determined whether indecent exposure is a crime involving moral turpitude. Reviewing the record in a light most favorable to Oglesby, this Court must conclude that the trial court properly denied Alfa's motion for summary judgment.
Alfa next argues that the trial court erred in not allowing it to present complete evidence and testimony concerning Oglesby's arrests. Alfa relies on Rule 401, Ala. R. Evid., andClark, supra, in its argument of this issue. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Alfa contends that Clark
stands for the proposition *Page 944 
that materiality is a question for the jury, and, therefore, that the jury was entitled to full and complete information concerning Oglesby's arrests.
The trial court did allow evidence of Oglesby's arrests and convictions; however, it refused to allow testimony regarding the factual allegations surrounding the charges and the sentence that Oglesby received for his convictions. We cannot discern how an omission of the facts surrounding the charge and the sentence received by Oglesby would have been relevant to the outcome of this case. We conclude, in light of the court's ruling on Oglesby's motion for a directed verdict, that the arrests and convictions, regardless of whether the complete testimony and evidence had been allowed, were not sufficient to show that there had been a material misrepresentation under § 27-14-7.
Alfa next argues that the trial court erred in denying its motion for a new trial.
 "A strong presumption of correctness attaches to the trial court's ruling on a motion for a new trial. This ruling will not be disturbed unless some legal right is abused and, in addition, the record plainly and palpably shows the trial judge to be in error. University of Alabama Health Services Foundation, P.C. v. Bush, 638 So.2d 794
(Ala. 1994), citing McDowell v. Key, 557 So.2d 1243
(Ala. 1990)."
Jones v. Baltazar, 658 So.2d 420, 421 (Ala. 1995).
In considering the issues we have previously addressed, we have written to each of the arguments made by Alfa in its motion for a new trial. We conclude that the trial court did not err in denying that motion.
Last, Alfa argues that the trial court erred in calculating the prejudgment interest award. Alfa did not raise this issue in a post-judgment motion. An issue not raised in the trial court cannot be raised for the first time on appeal.Hutchins v. Shepard, 370 So.2d 275 (Ala. 1979); Brown v.Robinson, 354 So.2d 272 (Ala. 1977); McWhorter v. Clark,342 So.2d 903 (Ala. 1977); McDuffie v. Hooper, 294 Ala. 293,315 So.2d 573 (1975). Accordingly, this Court need not address the merits of Alfa's argument.
The judgment is affirmed.
AFFIRMED.
ALMON, KENNEDY, and COOK, JJ., concur.
BUTTS, J., concurs specially.
HOOPER, C.J., and HOUSTON and SEE, JJ., dissent.
MADDOX, J., recuses himself.