## S98Y0076. IN THE MATTER OF LORETTA YVETTE LYLES.
(494 SE2d 338)

PER CURIAM.

The Investigative Panel of the State Disciplinary Board directed the Office of General Counsel, State Bar of Georgia, to issue a Notice of Discipline imposing disbarment against Loretta Yvette Lyles pursuant to Bar Rule 4-208.1. The Investigative Panel found probable cause to believe that Lyles violated Standards 44 (wilful abandonment or disregard of a legal matter); 22 (b) (improper withdrawal from employment including failing to take steps to avoid foreseeable prejudice to client's rights and failing to return client papers and property); 23 (failure to refund unearned fees); and 68 (failure to respond as required to disciplinary authorities) in her handling of a probate case. The Bar also alleges that the recidivist provisions of Bar Rule 4-103, providing that a finding of a third or subsequent disciplinary infraction, in and of itself, constitutes discretionary grounds for suspension or disbarment. This is the third disciplinary proceeding against Loretta Lyles. The State Bar filed a Formal Complaint seeking disbarment.

In each of the disciplinary actions against Lyles, *In the Matter of Loretta Yvette Lyles*, 267 Ga. 247 (477 SE2d 105 ) (1996); *In the Matter of Loretta Yvette Lyles*, 266 Ga. 668 (469 SE2d 670) (1996), the clients alleged that she agreed to represent them and accepted legal fees from them; but that she subsequently abandoned the clients without notifying them that she had withdrawn and without returning any of the legal fees they had paid her. The State Bar served Lyles properly and in accordance with Bar Rule 4-208.2 (d). Though Lyles acknowledged service of the Notice of Investigation in this case, she failed to file a response in accordance with the Investigative Panel's rules and accordingly is in default.

The special master concluded that Lyles violated Standard 44 by wilfully abandoning and disregarding the client's legal matter, and that, as a result, the client was injured by the unreasonable delay in the administration of her husband's estate, and by having to pay another lawyer to get the matter resolved; Standard 23, in that she did not perform the work agreed and failed to return her unearned fees; Standard 22, by failing to deliver to the client all the papers and other documents to which she was entitled; and Standard 68, by failing to file a response with the Investigative Panel in accordance with the Panel's rules. The special master noted the pattern of neglect of client matters evidenced in this case and two prior disciplinary actions against Lyles.

We have reviewed the record and agree with the Investigative Panel that Lyle should be disbarred from the practice of law. We also agree that it is appropriate in this case to treat Lyles as a recidivist

under Bar Rule 4-103. Accordingly, it is hereby ordered that Loretta Yvette Lyles be disbarred from the practice of law in the State of Georgia and her name be removed from the roll of individuals licensed to practice law in this state. Lyles is reminded of her duties under Bar Rule 4-219 (c) and is directed to certify to this Court that she has satisfied the requirements of the Rule.

*Disbarred. All the Justices concur.*

DECIDED JANUARY 12, 1998.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.