HOUSTON, Justice
(dissenting).
If WestPoint Stevens, Inc., was not doing business by agent in Macon County when this cause of action arose, then the petition for the writ of mandamus must be denied.
Because we are considering a petition for a writ of mandamus, we do not have before us a full transcript upon which to base our review of the legal arguments presented. Ex parte Overstreet 748 So.2d 194, 195 n. 1 (Ala.1999). Normally, if a full transcript is not before us, we will assume that there was evidence to support the trial court’s order. See Alfa Mut. Gen. Ins. Co. v. Oglesby, 711 So.2d 938, 942 (Ala.1997) (“ ‘This court cannot assume error, nor can it presume the existence of facts to which the record is silent.’ ”) (quoting Newman v. State, 623 So.2d 1171, 1172 (Ala.Civ.App.1993)); see also Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala.1990) (“The appellants bear the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal.”).
If WestPoint Stevens was not doing business by agent in Macon County when this cause of action accrued, then this petition must be denied, without resort to Ala.Code 1975, § 6-3-7(a).[9]
Nothing in the facts or exhibits attached to the petitioners’ brief indicates whether or not WestPoint Stevens was doing business by agent in Macon County when this cause of action accrued; nothing in the complaint indicates whether, or not West-Point Stevens was doing business by agent in Macon County at that time; and nothing in the trial court’s orders indicates whether or not WestPoint Stevens was doing business by agent in Macon County at that time.
In WestPoint Stevens’s brief in support of its answer to the petition, the following appears as footnote 3:
“Ala.Code § 6-3-7(a)(2), which authorizes venue in the county of the defendant’s principal office in the state, is not applicable here. WestPoint does not maintain any office in Macon County, and in fact does not concede that it even conducts business in Macon County by agent.”
In a dispute over proper venue, the party challenging venue normally bears the burden of proof. Ex parte Wiginton, 743 So.2d 1071, 1074 (Ala.1999).
The petitioners have filed a petition for a writ of mandamus, which this Court can issue only if there is a clear legal right in the petitioners to the order sought. If WestPoint Stevens was not doing business in Macon County by agent when Pratt’s cause of action accrued, then the petitioners do not have a clear legal right to the order sought. Ex parte Integon Corp., 672 So.2d 497 (Ala.1995).
Petitioners have the burden of showing that they have a clear legal right to a writ of mandamus. They have not done that. Therefore, I would deny the writ.

. Alabama Code 1975, § 6-3-7(a)(3):
"(a) All civil actions against corporations may be brought in any of the following counties:
"(3) In the county in which the plaintiff resided ... if such corporation does business by agent in the county of the plaintiff’s residence....”